Curley Lee **HOWSE**

v.

**DeBERRY CORRECTIONAL INSTITUTE.**

No. 82–3134.

United States District Court, M. D. Tennessee, Nashville Division.

April 30, 1982.

Curley Lee Howse, pro se.

William B. Hubbard, Chief Deputy Atty. Gen. and David M. Himmelreich, Asst. Atty. Gen., Nashville, Tenn., for defendant.

### MEMORANDUM

WISEMAN, District Judge.

Plaintiff Curley Lee Howse is an inmate at the DeBerry Correctional Institute [DCI], a state prison located at Nashville, Tennessee.  Plaintiff has filed this action under 42 U.S.C. § 1983 against two employees at DCI, Willie Hector and William Foxx, seeking damages for alleged depriva-

tions of his civil rights.[1] Specifically, plaintiff charges that defendant Hector physically assaulted him in November 1981 and that defendant Foxx physically assaulted him in December 1981. Defendants Hector and Foxx have filed a motion to dismiss or in the alternative a motion for summary judgment asserting that plaintiff has failed to state a claim relievable under section 1983. The Court concludes that defendants' motion to dismiss is well made. Although for reasons different from those urged by defendants, plaintiff's allegations do not rise to the level of a civil rights violation justifying relief under section 1983. Consequently, for the reasons stated below, plaintiff's action is dismissed.

The gravamen of plaintiff's complaint against defendant Hector is that defendant Hector shoved plaintiff and also grabbed plaintiff so tightly by his shirt front that plaintiff allegedly suffered pain. Plaintiff's assertion against defendant Foxx is that defendant Foxx similarly grabbed plaintiff by plaintiff's shirt, pushed plaintiff down a corridor, and poked plaintiff in the chest "harshly" while threatening plaintiff.

Defendants contend that plaintiff's claims against them are precluded by *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Parratt*, the plaintiff, a prisoner, sued various prison officials under section 1983 after a hobby kit that plaintiff had ordered and been sent by mail was negligently lost in the prison mail system. The plaintiff argued that the negligence of the prison officials had deprived him of property without due process of law. The Supreme Court, in an opinion written by Justice Rehnquist, ruled that plaintiff's claim did not amount to a violation of the fourteenth amendment. The Court held that because the state of Nebraska, where the plaintiff was incarcerated, provided a tort remedy to persons who suffered property losses at the hands of the state, the plaintiff was not deprived of his

property "without due process." In other words, even though the plaintiff had clearly been deprived of his property by persons acting "under color of state law," as is necessary for a section 1983 action, the state's post-deprivation tort remedy provided all the due process to which the plaintiff was there entitled. Thus, the plaintiff's constitutional rights had not been violated, and he had no claim under section 1983. As Justice Rehnquist stated, "Nothing in [the fourteenth amendment] protects against all deprivations of life, liberty or property by the State. The Fourteenth Amendment protects only against deprivations 'without due process of law.'" 451 U.S. at 537, 101 S.Ct. at 1913, 68 L.Ed.2d at 430.

Defendants Hector and Foxx assert that the reasoning employed by the Supreme Court in *Parratt* applies with equal force to the facts of this case and dictates that plaintiff's claim be dismissed because Tennessee law ostensibly provides plaintiff a tort remedy against defendants. This Court does not agree. *Parratt* is inapposite here.

As noted above, *Parratt* involved the negligent deprivation of property by state officials. In contrast, plaintiff's claim in this case involves an alleged intentional deprivation of a liberty interest. This Court does not believe that the Supreme Court intended the rationale of *Parratt* to extend beyond facts basically similar to those in that case—that is, when only a *negligent* deprivation of *property* is involved. This Court's conclusion is supported by the opinions of those Justices who concurred in Justice Rehnquist's opinion in *Parratt*. Justice Blackmun, wrote:

I do not read the Court's opinion as applicable to a case concerning deprivation of life or liberty. . . .

Most importantly, I do not understand the Court to suggest that the provision of "post deprivation remedies" . . . within a state system would cure the unconstitutional nature of a state official's inten-

1. Plaintiff Howse's complaint originally stated a variety of claims against numerous defendants at DCI. On defendants' motions, how-

ever, this Court dismissed plaintiff's action against all defendants except Willie Hector and William Foxx.

tional act that deprives a person of property.

> 451 U.S. at 545, 101 S.Ct. at 1918, 68 L.Ed.2d at 435 (Blackmun, J., concurring). Justice Powell echoed those comments:

> The Due Process Clause imposes substantive limitations on state action, and under proper circumstances these limitations may extend to intentional and malicious deprivations of liberty and property, even where compensation is available under state law.

> *Id.* at 552–553, 101 S.Ct. at 1921–1922, 68 L.Ed.2d at 439–40 (Powell, J., concurring in the result).

Despite the limitations understood by members of the Supreme Court to exist on the *Parratt* ruling, some lower courts have applied *Parratt's* reasoning to claims involving other than negligent property deprivations. In *Meshkov v. Abington Township*, 517 F.Supp. 1280 (E.D.Pa.1981), for example, the court used *Parratt* to dismiss a negligent deprivation of life claim. In *Meshkov*, the plaintiff sued Abington Township and several members of the township's police force after the policemen had allegedly negligently allowed the plaintiff's son to hang himself while detained at the township police station in an unwatched cell. Relying on *Parratt*, the court ruled that because state law provided the plaintiff a tort action against the defendants, no due process violation existed and plaintiff therefore had no claim under section 1983.

In a less drastic application of *Parratt*, the court in *Sheppard v. Moore*, 514 F.Supp. 1372 (M.D.N.C.1981), dismissed the plaintiffs' claims under section 1983 that they allegedly had been deprived intentionally of their property by local police officials. In *Sheppard*, the officials had seized plaintiffs' coin, gun, and knife collections as part of a pending criminal investigation. After the investigation was terminated, however, the officials refused to return the items to the plaintiffs, and the plaintiffs filed suit. The court dismissed plaintiffs' complaint, ruling that plaintiffs had an adequate remedy under state law.

Epitomizing the lengths to which some courts have gone to dismiss section 1983 claims under *Parratt* is the decision in *Eberle v. Baumfalk*, 524 F.Supp. 515 (N.D. Ill.1981). In *Eberle*, the court dismissed the plaintiffs' negligent deprivation of liberty claim against several police officers even though the plaintiffs did *not* have a remedy against the defendants under state law. The plaintiffs alleged that they had been negligently injured by the defendant policemen while being taken into custody. Although Illinois law prohibited suits against public employees for negligence, the court in *Eberle* nonetheless ruled that the plaintiffs' action should be dismissed under *Parratt*. The court reasoned that *Parratt* should not be read literally to require the existence of adequate state remedies, despite the fact that the plaintiffs were left with no recourse whatsoever against the defendants because of its ruling.

The above three decisions can all be distinguished. from the instant case, whether on the basis of the facts involved or simply, as with *Eberle*, the illogic of the result. Defendants Hector and Foxx do, however, rely most heavily on one case that is at least legally apposite here. In *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345 (9th Cir. 1981), the Ninth Circuit held that the plaintiff could not maintain an action under section 1983 for assault and battery against state officials when the state provided an adequate tort remedy. In *Rutledge*, the plaintiff, a football player at Arizona State University, was allegedly punched in the mouth and otherwise attacked by his coach during a practice session. The Ninth Circuit, declaring that under *Parratt* the issue was really whether the alleged deprivation of liberty occurred "without due process of law," ruled that the state tort law provided all the process that the plaintiff was due, especially in view of the fact that the plaintiff had already pursued his state remedies.

*Rutledge* thus seems squarely on point with the present action, so far as concerns the legal issue raised here, and this Court has seriously evaluated the opinion. Were *Rutledge* a decision by the Sixth Circuit, this Court would obviously be compelled to

follow its result. It is not, however, and despite *Rutledge's* relevancy, this Court must declare that it finds *Rutledge's* reasoning—as well as that of the other decisions previously noted—unpersuasive. This Court does not believe that the Supreme Court intended *Parratt* to be applied automatically and unthinkingly to every instance in which a section 1983 claim can be said to resemble a state tort action. *Parratt's* effect is limited by its facts, and it is inapplicable to any claims other than those alleging negligent deprivations of property.

Several courts are in agreement with this Court's assessment of *Parratt*. In *Duncan v. Poythress,* 657 F.2d 691 (5th Cir. 1981), cert. granted, —— U.S. ——, 102 S.Ct. 1426, 71 L.Ed.2d 647 (1982), the Fifth Circuit rejected the argument that *Parratt* precluded a section 1983 claim for violations of voting rights because the state provided adequate remedies. Not only did the court deny *Parratt's* applicability, it also declared that *Parratt* was limited simply to *procedural* due process issues and did affect *substantive* due process claims. As the Fifth Circuit stated,

> It is important to recognize that *Parratt* concerned procedural due process rather than substantive due process. The *Parratt* Court was not required to define the limits of those substantive rights which are grounded in the Bill of Rights and applied to the states because of their incorporation into the due process clause of the fourteenth amendment. Once the *Parratt* Court found state procedures fully adequate to satisfy the requirements of due process, the constitutional basis of that section 1983 case disappeared.

657 F.2d at 704. Applying *Duncan's* logic to the present case, *Parratt* becomes doubly inapposite. Plaintiff Howse not only claims an intentional violation of his liberty interest in freedom from personal harm, his claim is based on the substantive, not procedural, due process guarantees of the fourteenth amendment.

Other courts similarly have rejected *Parratt's* applicability to different factual and legal settings. In *Parker v. Rockefeller,*

521 F.Supp. 1013 (N.D.W.Va.1981), the court ruled that *Parratt* would not preclude a section 1983 claim based on an alleged intentional deprivation of property. In *Tarkowski v. Hoogasian,* 532 F.Supp. 791 (N.D.Ill.1982), the court likewise held that *Parratt* was inapplicable to a claim of intentional property deprivation. The *Tarkowski* court declared,

> Application of *Parratt* to cases where deprivation of property by a state official allegedly was intentional would make section 1983 unavailable in all but those very few instances where state law does not provide an "adequate" remedy for alleged constitutional deprivations....
>
> We do not read *Parratt* as going beyond its own facts. The Court, in *Parratt,* certainly did not repeal section 1983 in cases in which a state official's intentional deprivation of constitutional rights including property rights is involved simply because a state tort action may be available. Only Congress could effect such a repeal and it has not done so.

532 F.Supp. at 794–795. Similar comments were expressed in *Peters v. Township of Hopewell,* 534 F.Supp. 1324 (D.N.J.1982), another intentional deprivation of property case.

These latter cases clearly articulate a sounder rule of law than that espoused by those courts that would apply *Parratt* wholesale to any and every alleged constitutional violation for which a state may also happen to provide some remedy. As this Court previously stated, *Parratt* does not extend beyond its own peculiar facts and certainly is inapplicable to a case like the instant action. To hold that an individual cannot bring suit under section 1983 when he has been intentionally deprived of a clearly protected liberty interest—the right to be safe in his person from physical harm—by one acting "under color of state law," would be to ignore the very purpose of section 1983 itself, which, it should be remembered, was originally enacted as part of the Ku Klux Klan Act of 1871. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Moreover, to reject a

constitutional claim simply because a state may provide a parallel remedy would render section 1983 meaningless in innumerable cases, for many of our most cherished liberties are analogous to rights for which the states provide remedies of some sort.

Consequently, this Court declines to dismiss plaintiff Howse's complaint as precluded by *Parratt v. Taylor.*

■ Although plaintiff Howse's claim thus survives the *Parratt* challenge, this does not mean that plaintiff Howse has stated a relieveable claim under section 1983. To warrant section 1983 relief in a case of alleged physical assault, such as plaintiff Howse asserts, the defendant's actions must have been sufficiently egregious to amount to a constitutional violation. From the facts stated by plaintiff, this Court concludes that plaintiff's claim does not rise to the level of a constitutional deprivation. For the reasons stated below, this Court must dismiss plaintiff's complaint.

In *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979), the Supreme Court stated,

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

As *Baker* indicates, certain offenses, while clearly violative of tort law precepts, are not cognizable as constitutional injuries. Whether a particular act amounts to a constitutional violation depends upon the circumstances surrounding it.

The right to be free of state-occasioned damage to one's bodily integrity is protected by the fourteenth amendment's guarantee of due process. *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981). When a correctional officer strikes, beats, or otherwise inflicts bodily harm upon a prisoner, the courts have generally found liability under section 1983, whether for a violation of due process itself or the eighth amendment's prohibition against cruel and un-

usual punishment. *See King v. Blankenship*, 636 F.2d 70 (4th Cir. 1980); *Meredith v. Arizona*, 523 F.2d 481 (9th Cir. 1975). In order for liability to attach, however, the officer's actions must cross an ill-defined, but nonetheless very real, threshold separating simple torts from deprivations of constitutionally protected freedoms. In other words,

> [i]f the state officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience, it should be redressed under Section 1983.

*Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981); *Hall v. Tawney*, 621 F.2d 607, 613 (4th Cir. 1980).

Perhaps the most articulate discussion of this issue was provided in *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). As Judge Friendly wrote,

> Certainly the constitutional protection is nowhere nearly so extensive as that afforded by the common law tort action for battery, which makes actionable any intentional and unpermitted contact with the plaintiff's person or anything attached to it...; still less is it as extensive as that afforded by the common law tort action for assault.... Although "the least touching of another in anger is a battery, ... it is not a violation of a constitutional right actionable under 42 U.S.C. § 1983. The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

481 F.2d at 1033.

In evaluating the actions of a correctional officer in light of these considerations, a

court must examine the totality of the factual setting in which the alleged constitutional violation occurred.

In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Id.* If, on balance, the use of force was unreasonable and excessive, liability under section 1983 attaches. On the other hand, if the use of force was justified, no section 1983 liability exists, although the defendant may nonetheless still be liable under state tort law to the plaintiff.

Examining the alleged attacks by defendants Hector and Foxx against plaintiff Howse in light of the *Johnson* factors, this Court must conclude that plaintiff did not suffer a violation of his constitutional rights, even assuming all the events alleged by plaintiff to be true. While in some respects the defendants' respective acts were excessive, viewing all the circumstances of their occurrence, they are not constitutionally offensive. For one thing, the injury to plaintiff was slight, if not nonexistent. Plaintiff alleges that defendant Hector shoved him and grabbed him by his shirt and that defendant Foxx grabbed him similarly, pushed him down a corridor, and poked him in the chest harshly. Although the Court is concerned that in some cases guards might inflict serious harm upon inmates by their actions, it appears that plaintiff actually suffered no physical harm whatsoever, aside from the momentary physical discomfort that may have resulted. Moreover, in his own recitation of the alleged events, plaintiff essentially admits that he provoked defendants' attacks upon him by asserting, in each defendant's presence, that each had engaged in a variety of homosexual practices at the prison. While mere words cannot justify a battery or excuse liability under tort law, this Court believes that here, given the particular circumstances of this case, such words militate against defendants' liability under section 1983.

The alleged assaults by defendants Hector and Foxx fall into that hazy area that cannot easily be deemed simply tort or clearly constitutional. Their actions were not an effort to maintain discipline at DCI, but they were not totally unprovoked either. Balancing all the factors, and considering especially the fact that plaintiff was in no way injured, this Court finds that plaintiff was not deprived of his constitutional rights. This is not to say that on different facts, when a more severe injury is suffered or when an officer's behavior is more unjustified, this Court will not find liability under section 1983. To the contrary, when this Court believes that a defendant by his actions has transcended the boundary separating simple torts from constitutional deprivations, it will not hesitate to grant a plaintiff relief under section 1983. In this case, however, such relief is not appropriate. Plaintiff has not stated a claim relievable under section 1983 and must resort to state tort law for redress of his grievance.

The motion to dismiss by defendants Hector and Foxx is granted. The complaint of plaintiff Howse is dismissed.