**Michael EMORY, Plaintiff,**

v.

**Jack R. DUCKWORTH, Defendant.**

**No. S 81–176.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 1, 1983.

---

Michael Emory, pro se.

Linley E. Pearson, Atty. Gen. of Indiana, Indianapolis, Ind., for defendant.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by an inmate at the Indiana State Prison, Michigan City, Indiana, against the prison's superintendent, Jack R. Duckworth. In some of the plaintiff's pleadings subsequent to the initial complaint, the Indiana Attorney General appeared in the captions as a party-defendant. However, plaintiff declared in his Answer to Defendant's Motion to Dismiss that it was never his intention to sue the Indiana Attorney General. Accordingly, this Court ordered the dismissal of the Indiana Attorney General as a defendant in this action on August 16, 1982.

A pretrial conference was held in this case on August 24, 1982 at the Indiana State Prison. At that time this Court ordered that the defendant's earlier motion to

dismiss be converted to a motion for summary judgment. Further, the plaintiff was ordered to respond to the defendant's motion for summary judgment not later than January 3, 1983.

On November 4, 1982, the defendant filed a formal Motion for Summary Judgment with this Court, supplemented by a Memorandum and, later, by affidavits of defendant Duckworth and two correctional officers. Included in defendant's motion was the following statement:

A memorandum in support and affidavits are attached hereto and incorporated herein by reference. Rule 56(a) [sic] provides in part "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Factual assertion contained in the attached affidavits will be accepted as true by the Court in the absence of affidavits or other material filed by Plaintiff contradicting the assertions.

Notwithstanding this Court's order at the pretrial conference that plaintiff was to file a response to the defendant's motion for summary judgment not later than January 3, 1983, the plaintiff ignored both this Court's order and the admonition quoted above as set forth in the defendant's motion. Even so, this Court issued a second order on January 7, 1983, citing *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), and ordering the plaintiff to respond by January 24, 1983. To date, the plaintiff has failed to comply with this Court's orders. Plaintiff has filed nothing in this case for more than ten months.

Before proceeding to a summary disposition of this matter under Rule 7(b) of the Rules of the United States District Court for the Northern District of Indiana, this Court must direct its attention to plaintiff's motion for the appointment of counsel.

There is no constitutional right to appointed counsel in a civil case. *Thomas v. Pate,* 493 F.2d 151 (7th Cir.), *cert. den.,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). Rather, the decision whether to appoint counsel in a civil rights action rests within the sound discretion of the trial court. *McBride v. Soos,* 594 F.2d 610 (7th Cir.1979). When considering motions for the appointment of counsel, this Court is guided by the standards set forth in *Maclin v. Freake,* 650 F.2d 885 (7th Cir.1981). These standards include, but are not limited to, consideration of the legal and factual merits of the plaintiff's claim, the complexity of the issues presented, and the plaintiff's physical and intellectual abilities to prosecute his claim. See also, *McKeever v. Israel,* 689 F.2d 1315 (7th Cir.1982); *Caruth v. Pinkney,* 683 F.2d 1044 (7th Cir.1982). A careful review of the complete file in this case in light of the standards enunciated in *Maclin, McKeever,* and *Caruth, supra,* leads this Court to the conclusion that plaintiff's motion for the appointment of counsel should be denied. The Court makes this decision within the sound exercise of its discretion, based on the lack of any merit to the claims presented, the relative simplicity of the facts surrounding the incident complained of, and the plaintiff's clear ability to articulate adequately the legal and factual bases of his allegations. Accordingly, plaintiff's request for appointed counsel is DENIED.

Proceeding now to the merits of plaintiff's case, the facts as asserted by the plaintiff in his complaint are that on or about December 30, 1980, the plaintiff arrived at the prison and was housed in a cell in the Admissions and Orientation Unit (A & O). There had recently been a fire in that cell, and plaintiff alleges that the cell was covered with the powdery residue of a substance emitted by fire extinguishers, which caused him to itch. He further asserts that on January 2, 1981, the commode in his cell broke into pieces while he was sitting on it causing him injury. He also speculates that the fire which had previously occurred in that cell weakened the com-

mode and the neglect on the part of prison officials in failing to repair or renovate the cell after the fire resulted in his injury. He alleges that these facts violate his Eighth and Fourteenth Amendment rights.

In the motion to dismiss previously filed with this Court the defendant asserted that there was no direct personal involvement on the part of the defendant and the complaint alleged, at most, only negligent behaviour on the part of the defendant or other prison officials. The plaintiff responded to this allegation by asserting that pursuant to *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), "there was nothing in the language of § 1983 or its legislative history which limits the statute solely to intentional deprivations and that because a wrong was negligently as opposed to intentionally committed did not foreclose the possibility that such an action could be brought under § 1983."

It is true that the Supreme Court of the United States held in *Parratt* that negligence can be sufficient to state a claim for deprivation of one's property rights. However, it is equally true that there is no uniform answer to the question whether mere negligence is sufficient to state a claim under § 1983 for non-property, i.e., liberty interest claims. 451 U.S. at 533, 101 S.Ct. at 1911; see also, *Juncker v. Tinney*, 549 F.Supp. 574 (D.Md.1982); *Riley v. Johnson*, 528 F.Supp. 333 (E.D.Mich.1981); *Watson v. McGee*, 527 F.Supp. 234 (S.D.Ohio 1981); *Haygood v. Younger*, 527 F.Supp. 808 (E.D.Cal.1981); *Eberle v. Baumfalk*, 524 F.Supp. 515 (N.D.Ill.1981); *Peery v. Davis*, 524 F.Supp. 107 (E.D.Va.1981). One must therefore look to the nature of the right involved. 451 U.S. at 548, 101 S.Ct. at 1919 (Powell, J., concurring in result).

■ The claim in the present case is not a deprivation of property in violation of the Fifth and Fourteenth Amendments but a claim of the imposition of cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment prohibits punishments or conditions that "involve the unnecessary or wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101

S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981). The Seventh Circuit has described this standard as one of whether prison officials intentionally inflicted excessive or grossly severe punishment on a prisoner or knowingly maintained conditions so harsh as to shock the general conscience. *Stringer v. Rowe*, 616 F.2d 993, 1000–1001 (7th Cir.1980); *United States ex rel. Miller v. Twomey*, 479 F.2d 701, 719–20 (7th Cir.1973), *cert. den. sub nom., Gutierrez v. Dept. of Public Safety*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974); see also, *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982).

■ "Wanton" infliction of pain or intentional or knowing conduct obviously requires a level of culpability above mere negligence. Thus, the Seventh Circuit has held that isolated acts of violence do not constitute cruel and unusual punishment, without an inquiry as to whether or not those isolated acts resulted from negligence or even from some greater culpability. *Madyun v. Thompson*, 657 F.2d 868, 875 (7th Cir.1981). The Fifth Circuit, after *Parratt*, has held that "A prisoner has a right to be protected from the constant threat of violence and from sexual assault." *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir.1981), *cert. granted sub nom., Ledbetter v. Jones*, 452 U.S. 959, 101 S.Ct. 3106, 69 L.Ed.2d 970. By focusing only on whether there is a constant threat, the Fifth Circuit has tacitly stated that simple negligence on a single, unpredicted occasion is not of constitutional magnitude. This is consistent with pre-*Parratt* cases concerning offender safety. In *Woodhous v. Commonwealth of Virginia*, 487 F.2d 889 (4th Cir.1973), the Court held that a prisoner has a right to be "protected from constant threat of violence and sexual assault by his fellow inmates . . . ." *Id.*, at 890. It does not appear, however, that any circuit has adopted a negligence standard for personal injury claims arising in prisoner petitions brought under 42 U.S.C. § 1983. The reason for this may very well be language in *Estelle v. Gamble*, 429 U.S. 97 at 106, 97 S.Ct. 285 at 292, 50 L.Ed.2d 251, wherein the court declared that, at least insofar as the Eighth Amendment is con-

cerned a showing of deliberate indifference, not negligence, would be required to state a cognizable claim. See also, *Little v. Walker,* 552 F.2d 193, 197 n. 8 (7th Cir.1977), *cert. den.,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); *Beard v. Mitchell,* 604 F.2d 485, 494 (7th Cir.1981) (intentional conduct or recklessness standard not limited to Eighth Amendment issues); *Starstead v. City of Superior,* 533 F.Supp. 1365, 1370 n. 4 (W.D. Wis.1982), and cases cited therein. Thus, despite the language of *Parratt* at 534, 101 S.Ct. at 1912 that nothing in the language of § 1983 prohibits recovery on a theory of negligence, personal injury claims brought under § 1983 alleging violation of a prisoner's Eighth Amendment rights must still meet the criteria for a showing of deliberate indifference, namely, actual intent or recklessness. Therefore, for intent or recklessness to exist, there would first have to be a showing of intentional indifference to a risk on the part of the prison's officials. Because mere negligence would be insufficient to state a claim under the Eighth Amendment, an official would have to be intentionally indifferent or in reckless disregard before liability in a § 1983 action under the Eighth Amendment could be established. That is precisely the holding of another pre-*Parratt* Seventh Circuit decision. *Beard v. Mitchell,* 604 F.2d 485, 494 (7th Cir.1979). It is also the recent conclusion of other district courts in this Circuit. *Starstead v. City of Superior,* 533 F.Supp. 1365, 1371 (W.D.Wis.1982); *Eberle v. Baumfalk,* 524 F.Supp. 515, 517–18 (N.D.Ill. 1981). In *Eberle,* the Court held that *Parratt* was not applicable to a personal injury situation. The Fifth Circuit recently refused to extend liability in a § 1983 action to situations in which there is no violation of a right secured by the Constitution but in which there is at most a violation of a duty imposed by tort law. *Hull v. City of Duncanville,* 678 F.2d 582, 585 (5th Cir.1982). In that case, the plaintiff alleged that injuries resulted from negligent failure to enforce train speed limits, and negligent failure properly to maintain signals, crossings, and surrounding highways. The Fifth Circuit held that no claim was stated.

*Hull* is directly at odds with *Hirst v. Gertzen,* 676 F.2d 1252 (9th Cir.1982). In that case, the Ninth Circuit held that a claim was stated under § 1983 for the negligent hiring and supervision of a deputy sheriff who oversaw jail prisoners when that negligence resulted in a foreseeable risk that a violation of rights would occur and in fact proximately caused the death of an inmate by suicide. However, the holding of this case is questionable. It merely recites that *Parratt* held that negligence states a claim under § 1983, which is perhaps an overly simplistic reading of that case. There is no attempt to analyze the nature of the right involved or to square *Parratt* with the case law on which it is built. Further, the Ninth Circuit does not even mention that even after *Parratt* the Supreme Court itself has held that an allegation of administrative negligence fails to state a constitutional claim. *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). As the Supreme Court stated in *Parratt:*

> Our decision today is fully consistent with our prior cases. To accept Respondent's argument that the conduct of the state officials in this case constituted a violation of the Fourteenth Amendment would almost necessarily result in turning every alleged injury which may have been inflicted by a state official acting under "color of law" into a violation of the Fourteenth Amendment cognizable under § 1983. It is hard to perceive any logical stopping place to such a line of reasoning. Presumably, under this rationale any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983. Such reasoning "would make the Fourteenth Amendment a front of tort law to be superimposed upon whatever systems may already be administered by the states. *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405. We do not think that the drafters of the Fourteenth Amendment intended the amendment to play such a role in our

society. *Parratt,* 451 U.S. at 544, 101 S.Ct. at 1917.

*Paul v. Davis* held that defamation, even if actionable under state tort law, did not state a claim under § 1983. In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), one of the prior cases that the Court stated was fully consistent with *Parratt,* it was held that mere negligence or malpractice did not state a claim of a deprivation of a right secured by the Eighth Amendment, but that there must be a showing of deliberate indifference. *Estelle v. Gamble* relied upon *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976), which held that the Eighth Amendment prohibited the unnecessary and wanton infliction of pain. Even after *Parratt,* the Supreme Court has held to precisely the same standard. *Rhodes v. Chapman,* 452 U.S. at 346, 101 S.Ct. at 2398. "Wanton" means recklessly arrogant, malicious, according to Webster's Dictionary. These terms are the functional and legal equivalent of intentional or callous indifference.

The decision in *Hirst* is neither binding upon this Court nor correct in its application of *Parratt.* All of the post-*Parratt* cases in this Circuit have restricted *Parratt* to claims involving property rights, and even *Hirst* does not apply *Parratt* to claims arising under the Eighth Amendment.[1] Therefore, the proper standard by which to review the actions of the defendant is whether his conduct constituted deliberate or callous indifference.

Rule 56(c) of the Federal Rules of Civil Procedure states, in relevant part, that

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Further, Rule 56(e) of the Federal Rules of Civil Procedure states, in relevant part, that

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

While this case is presently before the Court on a motion for summary judgment, and not on a motion to dismiss, it is nonetheless clear that a case should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts upon which he would be entitled to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Further, this Court is well aware of the liberal reading demanded of *pro se* pleadings, *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), particularly where inmate plaintiffs are concerned. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Here, however, and despite the repeated admonitions of both this Court and the defendant, the plaintiff has offered nothing to substantiate his bald allegations set out in his complaint, nor anything to refute the offerings made by the defendant.

The uncontroverted affidavits of correctional officers Pierce and Strong reveal that the cell in which the plaintiff was housed for four days (December 30, 1980 through January 2, 1981) had indeed previously suffered a small mattress fire, but had been cleaned prior to the plaintiff's occupancy. Further, the above affidavits as well as that of Superintendent Duckworth clearly demonstrates no prior complaints from the plaintiff, nor any knowledge or awareness on the part of the defendant of anything amiss in plaintiff's cell.

---

1. Even in the Ninth Circuit and in *Hirst,* the pull and tug is evident by the dissent to Judge Walter Hoffman. To this Court that dissent appears to be more in line with the letter and spirit of *Parratt v. Taylor.*

A careful review of the entire record reveals nothing constituting a showing of deliberate indifference on the part of the defendant, nor any knowing or intentional maintaining of conditions so harsh as to shock the general conscience, much less a wanton infliction of pain.

Because of the tremendous liberality required by *Haines v. Kerner* and its progeny favoring *pro se* prisoner pleadings, this Court is loath to grant a motion for summary judgment whenever there appears even the slightest possibility that there may be some merit to an inmate's complaint. However, where, as here, the plaintiff has ignored the orders and admonitions of this Court. This Court can only conclude that, no genuine issues of material fact appearing, summary judgment must be granted.

The number of *pro se* prisoner petitions of all types, including § 1983 civil actions, has mushroomed tremendously in the past few years, imposing an increasingly heavy burden on virtually all federal district courts. Contemporaneous with this burgeoning caseload is an increasingly detailed, almost paternalistic oversight of *pro se* inmate cases mandated by a line of higher court decisions and imposed on the federal district courts. As one Court of Appeals' Judge has lamented,

> it is beyond dispute that the overall energies and resources of the Court are being inefficiently and distressingly directed to the resolution of a set of cases that demonstrably now only rarely include any that are revealed in the end to have merit.

(Judge Phillips, Foreward to the Fourth Circuit Review, 39 W. and L.L.Rev. 425 (1982), as quoted in *Juncker v. Tinney,* 549 F.Supp. 574, 583 at note 15 (D.Md.1982)). See also, David Ashley Bagwell, "Procedural Aspects of Prisoner § 1983 and § 2254 Cases in the Fifth and Eleventh Circuits," 95 F.R.D. 437 (1982).

This Court refuses to adopt the position that the *Haines v. Kerner* line of decisions has totally abrogated the responsibility of complainants to make at least a modicum of effort to prosecute their cases, once filed.

If the courts are to be able to deal effectively with that percentage of prisoner cases which are genuinely meritorious, the courts' ability to dispose of the bulk of the nonmeritorious cases filed by inmates must not be undercut, particularly when the inmate plaintiffs fail to demonstrate any interest in their own cases.

Based on the above, and after a thorough review of the complete file in this case, summary judgment is hereby entered in favor of the defendant, Jack R. Duckworth, and against the plaintiff, Michael Emory. SO ORDERED.