**Hobert MILLER, Plaintiff,**

v.

**Harold SCHACHT and Randy Wakefield, Defendants.**

No. S 83–128.

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 2, 1983.

Hobert Miller, pro se.

David J. Wallsmith, Knox, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by a former inmate of the Starke County Jail in Knox, Indiana. The defendants are the Sheriff of Starke County, Harold Schacht, and a deputy sheriff, Randy Wakefield. The matter is presently before this court on defendants' motion for summary judgment.

On May 11, 1983, defendants filed motions in the alternative, *viz.*, motions to dismiss and/or for summary judgment. The following day this court ordered that the motions be converted to a motion for summary judgment. Pursuant to *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), plaintiff's attention was directed to F.R.Civ.P. 56(e), the relevant portion of which was quoted in said order, and plaintiff was given to and including June 20, 1983, in which to file a response to defendants' motion for summary judgment.

On June 2, 1983, plaintiff requested an additional sixty days in which to file his response. On June 6, 1983, plaintiff's motion was granted, giving him until August 22, 1983, in which to file said response. Thereafter, on July 25, 1983, plaintiff filed his response, supplementing same with a six page affidavit, a thirteen page memorandum in opposition, four photographic exhibits, and two exhibits consisting of at least three of his teeth. The matter is now ripe for ruling.

Plaintiff has grounded his claim for relief under the Eighth Amendment, alleging that the two defendants subjected him to cruel and unusual punishment. Specifically, plaintiff contends that he was assaulted (without provocation on his part) by defendant Wakefield while incarcerated at the Starke County Jail on the evening of November 10, 1982. Plaintiff alleges that this assault resulted in severe damage to three of his teeth, as well as injuries to his mouth and gums. Plaintiff further alleges that, despite repeated requests on his part, he was not seen by a dentist for six days, and received no medication in the interim.

The defendants concede that it was defendant Wakefield who struck and injured plaintiff's mouth, and that plaintiff did not receive professional dental treatment until

November 15, 1982. However, defendants contend that it was plaintiff who provoked defendant Wakefield, thereby forcing said defendant to strike plaintiff in self-defense. Defendants also contend that the injuries complained of occurred in the early morning hours of November 11, 1982, and not on the evening of November 10, 1982.

In his affidavit, defendant Schacht states that he was promptly notified of plaintiff's injuries, and immediately ordered that plaintiff be provided a non-prescription pain medication until he could be seen by a dentist. Defendant Schacht further states that neither of the two practicing dentists in Knox, Indiana were available for treatment on November 11, 1982, and that the earliest opportunity for plaintiff to be seen by a dentist was the following day (November 12, 1982). On that date, plaintiff was transported to the offices of the Badell Dental Clinic, run by one of the dentists in Knox, but was returned to the Jail at 4:30 that afternoon without having been seen by the dentist. Defendant Schacht then claims that he immediately made an appointment with the only other dentist in town, one Peter Shideler, who agreed to see plaintiff on Monday, November 15, 1982. Defendant Schacht emphasizes in his affidavit that there are only two practicing dentists in Knox, Indiana, and that neither was available to treat the plaintiff on November 11, 13 or 14, 1982.

■ The Eighth Amendment prohibits punishments or conditions that "involve the unnecessary or wanton infliction of pain." *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *Emory v. Duckworth,* 555 F.Supp. 985, 988 (N.D. Ind.1983). See also, *Smith v. Wade,* —— U.S. ——, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (punitive damages). Where medical claims are presented under the Eighth Amendment, there must be a showing of "deliberate indifference" on the part of the defendant to state a claim cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Massey v. Smith,* 555 F.Supp. 743, 748 (N.D. Ind.1983). See also, generally, *Duncan v. Duckworth,* 644 F.2d 653 (7th Cir.1981).

A careful examination of the pleadings, affidavits, and exhibits filed in this action reveals that plaintiff was injured either at 11:30 p.m. on the night of November 10, 1982, or at 12:30 a.m. on November 11, 1982, a difference of but a single hour. Within thirty-eight hours of said injury, plaintiff was on his way to see a dentist for treatment. Whatever the reasons for plaintiff not being able to see a dentist on November 12, 1982, he was seen and treated by a dentist on November 15, 1982. Defendant Schacht's statement that there are but two dentists in Knox, Indiana, and that both were unavailable on both Thursday, November 11, 1982 and the weekend of November 13–14, 1982, is uncontroverted.

■ Viewing the record compiled to date in an objective light, it is clear that there is nothing to contradict Sheriff Schacht's statement that he was promptly informed of plaintiff's injuries on November 11, 1982, and that he took the reasonable and necessary steps to address the situation.[1] Accordingly, and even under the rule of liberal interpretation of *pro se* inmate pleadings, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), no claim cognizable under 42 U.S.C. § 1983 is stated under the Eighth Amendment as against defendant Schacht. There appearing no genuine issues of material fact on plaintiff's claim against Sheriff Schacht, summary judgment in favor of said defendant is appropriate. F.R.Civ.P. 56(c).

■ However, the situation is not so clear as applied to the facts of plaintiff's claim against defendant Wakefield. A very real dispute exists as to which of the parties initiated the confrontation which resulted

---

1. Plaintiff contends that it was not until Saturday, November 13, 1982, that he was seen by defendant Schacht. However, in light of the fact that there is no indication in the record that Sheriff Schacht is either a dentist or physi- cian, and that defendant Schacht did not act promptly to have plaintiff seen by a dentist, such a delay in seeing plaintiff must be deemed largely irrelevant to plaintiff's Eighth Amendment claim.

in plaintiff's injuries. While defendant Wakefield has supported his position with the signed statements of two purported inmates who allegedly witnessed the assault (see defendants' exhibits E and F), plaintiff has made some uncomfortable allegations in his argument opposing the motion for summary judgment as to how those statements were obtained.[2] Nonetheless, and irrespective of the question of the statements' authenticity and reliability, it is axiomatic that questions of fact are not to be resolved on motions for summary judgment where a genuine dispute exists. Accordingly, there being a genuine issue of material fact regarding the roles played by the plaintiff and defendant Wakefield in this action, summary judgment in favor of said defendant would be inappropriate at this point.

Therefore, and based on the above, defendants' motion for summary judgment is hereby GRANTED in favor of defendant Sheriff Harold Schacht and against the plaintiff, but DENIED as to defendant Randy Wakefield. SO ORDERED.

---

**2.** Plaintiff alleges that both inmates agreed to sign the statements in exchange for favorable consideration, and that both inmates were subsequently released from the Starke County Jail.