James SNOW

v.

Berle WINSTON, Gary Valentine, Cortez Bridges and Bossier City, Louisiana.

Willie WINZER

v.

Berle WINSTON and Bossier City, Louisiana.

Cornelius A. STROUD

v.

Berle WINSTON, Gary Valentine, J. N. Thorn, W. R. Thornton and Bossier City, Louisiana.

Civ. A. Nos. 770463, 770467 and 770641.

United States District Court, W. D. Louisiana, Shreveport Division.

March 21, 1978.

---

N. Graves Thomas, Shreveport, La., for plaintiffs.

Joe L. Smith, Thompson & Smith, Shreveport, La., for Berle Winston.

Gary Valentine, in pro. per.

Gordon E. Rountree, Cook, Clark, Egan, Yancey & King, Shreveport, La., for Bossier City, Cortez Bridges, and Thorn & Thornton.

DAWKINS, Senior District Judge.

## RULING ON MOTIONS

By amended complaint filed February 13, 1978, plaintiffs in these consolidated cases assert a 42 U.S.C. § 1983 action, alleging they were physically abused by members of the Bossier City Police Department.

In addition to their action against the individual defendants, plaintiffs seek recovery from the City of Bossier City. The City has filed motions to dismiss for want of jurisdiction and failure to state a claim upon which relief can be granted. For the following reasons the motions, under Rule 12(b)(6), F.R.Civ.P., to dismiss for failure to state a claim will be granted.

Without question, the City is not a "person" subject to suit under § 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). But, aside from § 1983, plaintiffs rely on *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for the proposition that a right of recovery against the City should be created directly under the Fourteenth Amendment to the Constitution. Since 28 U.S.C. § 1343(3) is not available as a jurisdictional basis, this claim properly is predicated upon 28 U.S.C. § 1331(a).

In *Johnston v. Spriggs,* Civ. (W.D. La., filed February 2, 1978), 492 F.R.D. 77, we held that municipalities are not vicariously liable in damages for the constitutional wrongs of its employees. In *Johnston,* the City had been sued solely in its capacity as employer of the alleged offender.

We noted in *Johnston* that numerous Courts have distinguished municipal liability based solely on *respondeat superior* from situations where the acts complained of stemmed from enforcement of an unconstitutional ordinance, or a pattern or practice of unconstitutional governmental conduct.

While this distinction may be insubstantial, in *Johnston* we did not reach that question.

Plaintiffs seek to recover from the City for alleged direct violations of constitutional rights, over and beyond *respondeat superior*.

Plaintiffs charge that the City, through its Mayor, Chief of Police, and Assistant Chief of Police, negligently selected its police officers, failed to (1) provide adequate background and security checks for new officers, (2) to provide adequate training, (3) to exercise adequate supervision and control over the Police Department, (4) to protect citizens from assault, battery, and injury at the hands of policemen, and (5) to implement procedures to handle police brutality complaints, tolerated unjustified physical beatings administered by police, and failed to eliminate those policemen incapable of proper law enforcement.

Accepted as true, these allegations fail to indicate any pattern or practice of unconstitutional conduct. *There is no contention that the City required or authorized the use of excessive force on plaintiffs.* Mere negligence does not violate the Constitution. Moreover, even assuming the City was negligent in hiring, training, and supervising its police officers generally, there is no allegation that these circumstances caused the plaintiffs injury.

Therefore, the facts here presented do not require determination of whether a *Bivens* remedy exists against municipalities for certain officially sanctioned constitutional wrongs.

For these, and the reasons set forth in *Johnston,* the motion to dismiss will be granted and judgment entered dismissing the City from this action.