**Geraldine HEARD, Individually and as the surviving parent of Joseph Heard, III**

v.

**LAFOURCHE PARISH SCHOOL BOARD et al.**

Civ. A. No. 78–240.

United States District Court,
E. D. Louisiana,
Section "H".

Nov. 21, 1979.

William W. Miles, New Orleans, La., for plaintiff.

Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, La., for defendants.

DUPLANTIER, District Judge.

For the following reasons, defendants' motion to dismiss this action for failure to state a claim is hereby granted.

Plaintiff Geraldine Heard instituted this action under 42 U.S.C. § 1983. The complaint alleges that plaintiff's son, Joseph Heard, III, died as the result of a fight with another student while on the premises of West Thibodaux Junior High School, a public high school operated by the Lafourche Parish School Board. The defendants are the Lafourche Parish School Board, its members, and Louis Dill, the principal of the school.

The complaint contains only the following allegations to establish a claim under Section 1983:

For some time prior to sustaining the injuries which caused his death, the said Joseph Heard, III, had been fearful for

his safety and had requested the assistance of the defendant Louis Dill, principal of the West Thibodaux Junior High School.

The said Louis Dill failed and refused to provide the said Joseph Heard, III, with the protection to which he was entitled.

The defendant Lafourche Parish School Board has failed to maintain proper policies and procedures to protect the students entrusted to its care.

The individual members of the school (sic) have failed to establish proper policies and procedures for the protection of students entrusted to their care.

Defendant (sic) while acting under color and authority of state statute individually, jointly and severally contributed to and/or caused the death of the said Joseph Heard, III.

We hold that the foregoing allegations fail to state a claim cognizable in the United States Court.

"The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'." *Baker v. McCollan,* —— U.S. ——, 99 S.Ct. 2689 at 2692, 61 L.Ed.2d 433 (1979). Section 1983 imposes civil liability only upon one who deprives another of " . . . rights, privileges or immunities secured by the Constitution and laws . . . ", 42 U.S.C. § 1983. Plaintiff has alleged no deprivation of such a right. Apparently, plaintiff's theory is that the acts or omissions of the school principal and of the Board in not affording her son protection against attack by other students contributed to her son's death. Thus, the action is essentially one for wrongful death.

The *Baker* case involved a claim of false imprisonment arising out of a situation of mistaken identity. In dismissing plaintiff's suit under § 1983, the Court said:

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violation of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law

principles. Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1978), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

The following comment by the Court in *Baker* is applicable as well to the plaintiff's claim: "Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution." *Baker v. McCollan,* 99 S.Ct. at 2694.

■ A contrary conclusion in these types of cases would produce absurd results. Any person injured or killed because of the negligent actions of a state official could then bring a civil rights suit under § 1983. We do not believe it was Congress' intent to make the coverage of § 1983 so broad. *See Paul v. Davis,* 424 U.S. 693, at 698–699, 96 S.Ct. 1155 at 1159, 47 L.Ed.2d 405 (1976).