**Archie L. HULL, Individually and As Next Friend and Natural Father of Rodney Lee Hull, Plaintiff-Appellant,**

v.

**CITY OF DUNCANVILLE, Defendant-Appellee.**

No. 81–1534
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 16, 1982.

Barber, Molberg & Thorpe, James C. Barber, Dallas, Tex., for plaintiff-appellant.

Vial, Hamilton, Koch, Tubb, Koch & Stradley, Robert H. Frost, Gerald R. Powell, Dallas, Tex., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Hull sues the City of Duncanville, a Texas municipality. His cause of action is based upon 42 U.S.C. § 1983, which provides a federal remedy against a defendant who under color of state law deprives a plaintiff of any federal constitutional or statutory right. Finding that no federal right is implicated and that the complaint at most alleges a state-law tort, we affirm the district court's dismissal.

Both parties agree that the standard for ruling on the motion to dismiss is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.[1]

Hull, as father and next friend of a minor injured by a train at a Duncanville railroad crossing, claims that, under color of state law, the defendant municipality deprived the injured minor without due process of law of the minor's right to be free from the permanently-disabling injuries that resulted from the crossing accident and the minor's liberty to move, walk, work, and live his life free from the restrictions placed upon him by the injuries. Hull sues for the minor's damages resulting from the accident, alleging them to be in the amount of one million dollars, and he further alleges that the state remedy provided by the Texas Tort Claim Act is inadequate, since it limited the recovery against the municipality to one hundred thousand dollars.

The state action relied upon is the municipality's failure by policy, custom, usage, or

---

1. No issue is raised before us as to whether the dismissal, if properly granted, should be based upon Fed.R.Civ.P. Rule 12(b)(6) (failure to state a claim) rather than upon Rule 12(b)(1) (lack of subject matter jurisdiction).

administrative decision to enforce its own ordinance providing a 25 mph speed limit for train traffic in Duncanville, as well as its failure to complete installation of a traffic light preemptor circuit that allegedly would have allowed motor traffic to clear the intersection, and its failure to maintain the crossing and adjacent highway in a manner not to be hazardous for the traveling public. These acts are also alleged to be causal negligence contributing to the accident in which the speeding train struck the minor at the crossing. In brief, the plaintiff also suggests that the minor was deprived of procedural due process in that city officials and employees met secretly and decided not to enforce the city ordinance, without affording its citizens the right to participate in the decision-making process and without giving adequate reasons to enforce the municipality's ordinance.

In essence, recovery is sought for tort-caused damage solely resulting from a train-vehicle collision at a crossing. The damage is alleged to have been caused not only by any negligence of the railroad but also because of the municipality's intentional or negligent failure to enforce its own speed-limit against train traffic, as well as by the municipality's failure to maintain the crossing and traffic signals properly.

It is conceded that no Section 1983 action arises merely because tortious injury results from action or inaction by state officers or employees.[2] To subject a state agency to the federal Section 1983 remedy for deprivation of a federal constitutional or legal right, the conduct of the state officials or employees must be "sufficiently egregious as to be 'constitutionally' tortious." *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981). As there stated, the requisite state action must constitute "the sort of abuse of

government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution." *Id.*

The negligent failure of the municipal officials to properly maintain the crossing, or their failure to provide adequate traffic signals thereat, are obviously not of that egregious nature. Nor any more is their negligent or intentional failure to enforce a municipal ordinance providing a perhaps obsolescent speed limit. No federal right was involved that prevented the municipality from repealing the ordinance; no more, we can perceive, is federal right involved by the municipality's failure on a uniform and non-discriminatory basis to enforce the ordinance, rather than repeal it.

The plaintiff Hull apparently argues that *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), is authority for the proposition that a Section 1983 action may be based on no more than a municipal policy, custom, or administrative decision that amounts to a deliberate deprivation of a plaintiff's right to be free from bodily injury. However, the decision by its express holding simply concerned whether a municipality itself could be held liable under such circumstances (when the deprivation was without due process), and it expressly did not address the contours of municipal liability, 436 U.S. at 695, 98 S.Ct. at 2038; the decision was addressed solely to the issue of whether in the light of its statutory history Section 1983 was intended to hold a municipality liable when "action pursuant to official municipal policy of some nature caused a *constitutional tort.*" 436 U.S. at 691, 98 S.Ct. at 2036 (emphasis ours). Likewise, the holdings in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), that the *negligent* deprivation of a property right may be the basis of a 1983 action, but

---

2. See appellant's brief, p. 24:

While appellants agree that ordinary common law tort actions are not cognizable under § 1983, the present action is not for a "mere common law tort." Rather it is an action for redress of a serious violation of plaintiff's liberty interest in being free from serious and permanently disabling personal injuries caused by defendant's official policy or custom of non-enforcement of the railroad speed limit and non-maintenance of grade crossings in safe repair, and with adequate signals.

that no such deprivation is without due process (as is requisite for a 1983 action) when the state has provided an adequate remedy, have little relevance to the threshold issue before us, *i.e.*, whether in fact under the allegations any deprivation of *federal* right is implicated.

The complaint before us is based upon the municipality's alleged negligence in maintaining the crossing and the traffic signals thereat, and in its intentional or negligent (but non-discriminatory) non-enforcement of its own ordinance designed to protect against railroad injury. No authority is cited to us, and none that we can find, supports the plaintiff Hull's contention that a right secured to an individual by the federal constitution or law is implicated when a municipality fails to enact or to enforce an ordinance that may help to protect him from personal injury to result from the negligence of some non-governmental person.

The municipal actions so pleaded may constitute a tort, but they do not constitute a constitutional tort that justifies a 1983 action. "Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979).

As stated in *Parratt v. Taylor, supra*: "To accept respondent's argument that the conduct of state officials in this case constituted a violation of the Fourteenth Amendment would almost necessarily result in turning every alleged injury which may have been inflicted by a state official acting under 'color of law' into a violation of the Fourteenth Amendment cognizable under § 1983.... Such reasoning 'would make Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the states.' ... We do not think that the drafters of the Fourteenth Amendment intended the amendment to play such a role in our society." 451 U.S. at 544, 101 S.Ct. at 1917.

For the reasons assigned, we therefore AFFIRM the judgment of the district court dismissing this suit.

AFFIRMED.