**Mary ELLSWORTH, Administratrix of the Estate of Ellsworth, Deceased, Plaintiff,**

v.

**Randall MOCKLER, Defendant.**

**No. S 81–321.**

United States District Court, N.D. Indiana, South Bend Division.

Jan. 12, 1983.

Douglas D. Seely, Jr., Mishawaka, Ind., for plaintiff.

R. Kent Rowe, South Bend, Ind., John D. Ulmer, Goshen, Ind., for defendant.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

The question here presented is whether this Court can exercise jurisdiction under 42 U.S.C. § 1983 for a claim based on the alleged negligence of the operator of a state owned automobile for damages for wrongful death sustained in an intersectional collision.

A brief statement of the facts and procedural history will suffice.

In the early morning hours of July 11, 1981 the defendant, Randall Mockler, was a duly appointed deputy sheriff of Elkhart County, Indiana, and was operating a motor vehicle owned by Elkhart County, Indiana. There is no dispute that the defendant, Randall Mockler, was at all times here relevant operating the aforesaid motor vehicle while in the course of his official duties as a deputy sheriff. There is no dispute that a collision occurred between the publicly owned vehicle operated by Mockler and one operated by plaintiff's decedent, Ronald Ellsworth and that such collision caused the death of Ronald Ellsworth. The plaintiff's amended complaint filed September 30, 1982 asserts claims based on negligence and wilful, wanton, reckless and intentional

misconduct. Only the claims based on negligence are here addressed. (There appears one slight discrepancy in the record that is of no moment here. In the amended complaint, the critical date is alleged to be July 11, 1981 while in the memorandum supporting defendant's motion to strike filed November 19, 1981 the date is July 7, 1981.)

There is a considerable factual dispute as to the factual causation of this collision which need not be detailed.

The defendant attacks the plaintiff's amended complaint in the aforesaid motion to strike on a number of technical grounds. There is an allegation that the amended complaint was not born in accord with Rule 15(a) of FRCP and that the amended complaint fails to state a claim for relief under Rule 12(b)(6). This Court will treat the amended complaint as being properly before the Court and will deal with the 12(b)(6) motion as it pertains to the claims based on negligence.

In proceedings held in open court on September 10, 1982 with counsel for both plaintiff and defendant present, this Court granted leave to the plaintiff to file an amended complaint by November 1, 1982, and the defendant to answer same by December 1, 1982. Thus, the amended complaint was timely filed but no answer has yet been filed by the defendant. The defendant shall, instanter, file an answer to Counts I and II of the amended complaint.

The plaintiff has not favored this Court with a responsive brief to defendant's motion to strike within the time prescribed by Rule 7 of the local rules of this Court. Since the issue here raised is an important one the Court will ·take the trouble to do independent research and deal with the merits of the issues presented.

Specifically, Count III of the plaintiff's amended complaint is based on a claim for negligence and the only count under consideration here. The defendant's motion filed December 10, 1982 is DENIED.

Turning to those merits, the Court must examine the law before and since *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Numerous cases before *Parratt* held, either expressly or impliedly, that simple negligence will not be the basis for a claim under 42 U.S.C. § 1983. *McClelland v. Facteau,* 610 F.2d 693, 696 (10th Cir.1979); *Owens v. Haas,* 601 F.2d 1242, 1246 (2nd Cir.1979); *White v. Rochford,* 592 F.2d 381, 385 (7th Cir.1979); *McDonald v. Illinois,* 557 F.2d 596, 601 (7th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977); *Bonner v. Coughlin,* 545 F.2d 565, 567–69 (7th Cir.1976) (en banc), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978); *Thomas v. Pate,* 516 F.2d 889, 891, N.2 (7th Cir.1975) *cert. denied,* 423 U.S. 877, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975); *Williams v. Vinsent,* 508 F.2d 541, 546, N.11 (2nd Cir.1974); *Page v. Sharp,* 487 F.2d 567, 569, (1st Cir.1973); *Brown v. United States,* 486 F.2d 284, 287 (8th Cir.1973); *Williams v. Field,* 416 F.2d 483, 485 (9th Cir.1969), *cert. denied,* 397 U.S. 1016, 90 S.Ct. 1252, 25 L.Ed.2d 431 (1970); *Smith v. Hill,* 510 F.Supp. 767 (D.Ct.Utah 1981); *Jones v. City of Philadelphia,* 491 F.Supp. 284, 287 (E.D.Pa.1980); *Heard v. Lafourche Parish School Board,* 480 F.Supp. 231, 232, (E.D.La.1979); *Rogers v. Okin,* 478 F.Supp. 1342, 1381–82 (D.C.Mass.1979); *Loopman v. Hurley,* 475 F.Supp. 98, 99, (D.C.N.H.1979); *Leite v. City of Providence,* 463 F.Supp. 585, 588–91 (D.C.R.I. 1978); *Snow v. Winston,* 447 F.Supp. 883, 885, (W.D.La.1978); *Mullins v. City of River Rouge,* 338 F.Supp. 26, 29, (E.D.Mich.1972); *Jenkins v. Meyers,* 338 F.Supp. 383, 387–90 (N.D.Ill.1972), *affirmed* 481 F.2d 1406, (7th Cir.1973).

When first confronted with the question, the Supreme Court of the United States declined to decide whether negligence is sufficient to sustain a claim under 42 U.S.C. § 1983. See, for example, *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). In *Parratt v. Taylor, supra,* however, the Court suggested the possibility of such claims:

> Nothing in the language of § 1983 or its legislative history limits the statute solely to intentional deprivations of Constitutional rights ... § 1983 unlike its counterpart, 18 U.S.C. § 242, has never been

found by this court to contain a state of mind requirement ... § 1983 affords a "civil remedy" for deprivations of federally protected rights caused by persons acting under color of state law without any express requirement of a particular state of mind. 451 U.S. at 534, 101 S.Ct. at 1912.

At the same time, the Supreme Court in *Parratt,* quoting from *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), at page 139, 99 S.Ct. at page 2692, stated:

> [T]he question whether an allegation of simple negligence is sufficient to state a cause of action under § 1983 is more elusive than it appears at first blush. It may well not be susceptible of a uniform answer across the entire spectrum of conceivable Constitutional violations which might be the subject of a § 1983 action. (citations omitted.)

The language of the court in *Parratt,* considered in conjunction with pre-*Parratt* case law, seems to suggest that § 1983 imposes liability for violation of "RIGHTS" protected by the Constitution, but not for violations of "Duties of Care" arising out of tort law. Thus, the conduct of state officials or employees must be "sufficiently egregious as to be Constitutionally tortious," *Williams v. Kelley,* 624 F.2d 695, 697 (5th Cir.1980), *cert. den.,* 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981), before the claims are actionable under 42 U.S.C. § 1983.

The plaintiff's amended complaint, specifically, Count III, seeks to recover damages from the defendant under 42 U.S.C. § 1983 for mere negligence. As Justice Rehnquist suggested in *Parratt:*

> To accept respondent's argument that the conduct of the state officials in this case constituted a violation of the Fourteenth Amendment would necessarily result in turning every alleged injury which may have been inflicted by a state official acting under "color of law" into a violation of the Fourteenth Amendment cognizable under § 1983. It is hard to perceive any logical stopping place to such a line of reasoning. Presumably, under this rationale, any party who is involved in nothing more than an *automobile accident* with a state official could allege a Constitutional violation under § 1983. Such reasoning "would make the Fourteenth Amendment a front of tort law to be superimposed upon whatever systems may already be administered by the states". *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155 [, 1160] 47 L.Ed.2d 405. We do not think that the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society. (emphasis supplied). 451 U.S. at 544, 101 S.Ct. at 1917.

Although the Court in *Parratt* indicated that allegations of simple negligence *may* be sufficient to state a cause of action under § 1983, it also indicated that § 1983 was not intended to provide a forum that "would make the Fourteenth Amendment a front of tort law". This conclusion is well supported by the pre-*Parratt* decisions addressing this issue, as well as the following cases which have concluded that mere negligence is not enough to support a claim under § 1983. *Hall v. City of Duncanville,* 678 F.2d 582 (5th Cir.1982); *Hays v. Jefferson County, Kentucky,* 668 F.2d 869 (6th Cir.1982); *Weiss v. Lehman,* 676 F.2d 1320 (9th Cir.1982); *Eberle v. Baumfalk,* 524 F.Supp. 515 (N.D.1981).

The defendant's thorough and complete brief has been most helpful to this Court in deciding the issue here presented.

The language chosen by Justice Rehnquist in *Parratt* must be considered in the factual context of that case. It is most difficult to conceive Justice Rehnquist, in particular, and the *Parratt* majority, in general, intended to find a § 1983 remedy for every citizen injured by the negligent operation of a state owned vehicle. Such a conclusion would be well beyond the reach of *Parratt* and would turn the legislative history of § 1983 on its end.

For this reason, Count III of plaintiff's amended complaint is stricken and dismissed. So ordered.