Mary **ELLSWORTH, Administratrix of the Estate of Ronald Ellsworth, Deceased, Plaintiff,**

v.

**Randall MOCKLER, Defendant.**

No. S 81–321.

United States District Court, N.D. Indiana, South Bend Division.

June 16, 1983.

---

Douglas D. Seely, Jr., Mishawaka, Ind., for plaintiff.

R. Kent Rowe, South Bend, Ind., John D. Ulmer, Goshen, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by the administratrix of the estate of Ronald Ellsworth, killed in an automobile collision involving the defendant, Randall Mockler, a deputy sheriff for Elkhart County, Indiana. The matter is presently before this court on defendant's motion for summary judgment.

The underlying facts of this case have already been set forth in this court's decision by memorandum and order dated January 12, 1983. *Ellsworth v. Mockler,* 554 F.Supp. 1072 (N.D.Ind.1983). Accordingly, they will be only briefly recapitulated here.

In the early morning hours of July 11, 1981, Ronald Ellsworth was operating an automobile in the city of Elkhart, Indiana when he was struck and killed by a police automobile being driven by the defendant, Randall Mockler. Mr. Mockler was severely injured in that accident. At the time of the collision, the defendant was engaged in a high speed pursuit of another automobile, and may have been moving at a speed in excess of 100 miles per hour.

On September 18, 1981, the plaintiff as administratrix of the estate of her son, Ronald Ellsworth, filed suit in this court against the defendant, alleging a reckless and intentional deprivation of the deceased's civil rights by the defendant under 42 U.S.C. § 1983. The jurisdiction of this court was predicated on 28 U.S.C. § 1343.

An initial pretrial conference was held in this case on June 11, 1982, after which time the defendant filed a motion for summary judgment on August 9, 1982. Thereafter, on September 10, 1982, a second pretrial conference was held. At that time, plaintiff was granted leave to file an amended complaint by November 1, 1982, and the defendant was given to and including December 1, 1982 in which to file any response.

On September 30, 1982, plaintiff filed her amended complaint. In that complaint, the plaintiff alleged that the defendant had operated his motor vehicle intentionally, recklessly, wilfully, and wantonly (Count II) or, in the alternative, had acted negligently (Count III). Defendant replied to the amended complaint with a motion to strike on November 19, 1982. On January 12, 1983, this court struck and dismissed count III of plaintiff's amended complaint.

On February 22, 1983, the defendant filed a second motion for summary judgment. This court held a hearing with oral argument on March 11, 1983 on that motion. Thereafter, on March 22, 1983, the plaintiff filed her Brief in Opposition to Defendant's Second Motion for Summary Judgment, and on April 12, 1983, the defendant filed a reply brief.

In this case as well as in others, this court has analyzed claims putatively arising under 42 U.S.C. § 1983 since the Supreme Court's decision in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). See, e.g., *Massey v. Smith,* 555 F.Supp. 743 (N.D.Ind.1983). As noted above, the earlier opinion of this court in this case dealt with the negligent claim in count III of plaintiff's amended complaint. See *Ellsworth v. Mockler,* 554 F.Supp. at 1074. That statement is now a part of the law of this case, and is hereby reaffirmed.

The issue before this court is whether the holding of *Parratt v. Taylor, supra,* can and should be applied to count II of plaintiff's claim. The defendant argues that Indiana law provides a meaningful vehicle whereby the plaintiff can prosecute her tort claim

against the defendant. Thus, *Parratt* should be applied to the facts of this case and this court should dismiss plaintiff's action because a viable state remedy exists. The plaintiff contends that *Parratt* dealt only with a negligent deprivation of a property interest, and because this case deals with an allegedly reckless or intentional deprivation of a liberty interest, *Parratt* is inapposite and the availability *vel non* of a state remedy is irrelevant.

To say that 42 U.S.C. § 1983 is and has been a fertile field of tort litigation, particularly since the Supreme Court's decision in *Parratt,* would be a gross understatement. Further, even a cursory review of some of the literally hundreds of decisions construing *Parratt* reveals a wide range of debate over just what the Court meant in its opinion. See, e.g., the three separate opinions in *Vail v. Board of Education,* 706 F.2d 1435 (7th Cir.1983). Thus, while this court would not venture to argue that *Parratt* is "all things to all men," it is clear that both parties to this action can and have found language in the various opinions in *Parratt* to support their argument.

In Justice Blackmun's concurring opinion he states, "I do not read the Court's opinion as applicable to a case concerning deprivation of life or liberty." 451 U.S. at 545, 101 S.Ct. at 1918. On the other hand, both the Court's opinion per Justice Rehnquist, 451 U.S. at 544, 101 S.Ct. at 1917, and Justice Stewart's concurrence, 451 U.S. at 544–45, 101 S.Ct. at 1917–1918, state that such tortious acts as automobile collisions involving vehicles operated by state officials ought not rise to the level of Fourteenth Amendment claims cognizable under 42 U.S.C. § 1983. Notwithstanding this ambiguity, it is clear that the rationale set forth in *Parratt* applies at least to "a tortious loss of property *or [the] result of a random and unauthorized act by a state employee.*" *Vail, supra,* 706 F.2d at 1441, citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (emphasis added).

Indiana law provides a statutory vehicle for relief in favor of litigants seeking to sue state employees for allegedly tortious acts. See the Indiana Tort Claims Act, Ind.Code § 34–4–16.5–1 *et seq.* (Burns Ann.1982 Supp.). However, Ind.Code § 34–4–16.5–3(7) states as follows:

> A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from[ ] the adoption and enforcement of or failure to adopt or enforce a law, including rules and regulations, unless the act of enforcement constitutes false arrest or false imprisonment[.]

Notwithstanding the above, the Indiana Supreme Court recently held that Ind.Code § 34–4–16.5–3(7) would *not* provide immunity for a police officer whose "performance of his duty, might be so outrageous as to be incompatible with the performance of the duty undertaken." *Seymour National Bank v. State,* Ind., 428 N.E.2d 203, 204 (1981). In that case, the court held that "[s]uch acts, whether intentional or willful and wanton, are simply beyond the scope of the employment." *Id.* For a critical evaluation of the court's holding, see S. Mead, "1982 Survey of Recent Developments in Indiana Law—Torts," 16 Ind.L.Rev. 377, 413 (1982). Thus, although it may not be necessary to the result here announced, there is a remedy under the law of Indiana for personal injury claims, including property damages as well as death, resulting from the operation of motor vehicles owned and operated by agents of the State and its local subdivisions.

The plaintiff's claims for reckless, wilful, wanton, and/or intentional misconduct on the part of the defendant suffer from the same basic defect as the previous claim grounded in negligence. These claims allege the violation of a duty imposed by tort law. See *Hull v. City of Duncanville,* 678 F.2d 582, 585 (5th Cir.1982); *Eberle v. Baumfalk,* 524 F.Supp. 515 (N.D.Ill.1981). Thus, irrespective of the interpretation one may wish to place on *Parratt v. Taylor, supra,* particularly regarding the distinction between substantive and procedural due process, the essence of the Court's holding

can be summed up in the closing lines of the majority opinion:

> Presumably, under this rationale any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983. Such reasoning "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis*, 424 U.S. 693, 701 [96 S.Ct. 1155, 1160, 47 L.Ed.2d 405] (1976). We do not think that the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society.

451 U.S. at 544, 101 S.Ct. at 1917.

At the risk of being accused of engaging in result oriented jurisprudence, this court declines to extend § 1983 to automobile collision cases wherein one of the parties is a state official or acting under color of state law. To do otherwise would, in this court's opinion, make § 1983 a "font" of federal tort law and lead inexorably down a brambled rabbit trail: twisted, uncomfortable, and ultimately circuitous.

Finally, and to the extent that a Ninth Amendment claim has been raised, plaintiff's attention is directed to this court's decision in *Minority Police Officers Ass'n v. City of South Bend, Ind.*, 555 F.Supp. 921, 926–27 (1983).

Accordingly, the defendant's motion for summary judgment is hereby GRANTED in favor of the defendant, Randall Mockler, and against the plaintiff, Mary Ellsworth.[1] SO ORDERED.

---

[1]. At some pretrial proceedings there was a rather free exchange of ideas among counsel and the court. At some point this court may have expressed the idea of ruling in such a way as to cast the burden of appeal onto this defendant. A careful review of automobile tort law under 42 U.S.C. § 1983 leads this court to the conclusion that now to rule so as to cast the burden on the defendant would be intellectually dishonest. Therefore, the ruling here made is compelled by the current state of the law under § 1983, especially since *Parratt, supra,* and *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).