James THURMAN, Plaintiff,

v.

Jan D. ROSE, Sheriff of LaPorte County, Walter Chapala, Prosecuting Attorney of LaPorte County, Defendants.

No. S 83–256.

United States District Court, N.D. Indiana, South Bend Division.

Dec. 9, 1983.

James Thurman, pro se; Joseph M. Kalady, Legal Asst., Michigan City, Ind., for plaintiff.

Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, Ind., Donald E. Baugher, LaPorte, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by an inmate at the Indiana State Prison against the LaPorte (Indiana) County's Sheriff and prosecuting attorney. Jurisdiction of this court over the claim is predicated on a federal question under 28 U.S.C. §§ 1331, 1343. The matter is presently before this court on defendants' motion to dismiss.

The gravamen of plaintiff's complaint is that some of his personal property, including $110.00 in cash, is being withheld improperly by the defendants. Plaintiff therefore seeks a mandatory injunction for the return of said property. No claim for damages is alleged. The defendants contend that this property is evidence, i.e., fruits of a crime involving the plaintiff and his former codefendant, and is being properly impounded because said codefendant is at large, i.e., he has yet to be tried.

The essence of plaintiff's claim is that he has been intentionally deprived of property without due process of law by individuals acting under color of state law. Defendants counter by arguing that Indiana state law affords the plaintiff an adequate post-deprivation remedy, and that plaintiff has therefore failed to state a claim cognizable under 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

On August 5, 1983, defendants filed their motion to dismiss. The plaintiff, assisted by his lay advocate,[1] responded thereto on August 24, 1983. By Order dated August 29, 1983, this court gave the defendants to and including October 14, 1983, and the plaintiff until November 25, 1983, in which to supplement their pleadings on a single

issue: whether the holding of *Parratt v. Taylor, supra,* applies to claims arising under 42 U.S.C. § 1983 where the conduct complained of is *intentional* rather than negligent. Both sides having now additionally briefed their respective positions, this motion is ripe for ruling.

The *Parratt* decision, no doubt the most oft-cited opinion involving § 1983 claims, holds that a negligent deprivation of a property interest by one acting under color of state law does not state a claim under 42 U.S.C. § 1983 where the forum state provides an adequate post-deprivation remedy. Defendants point to the Indiana Tort Claims Act, Ind.Code Ann. § 34–4–16.5–1 *et seq.* (Burns 1982 Supp.), as proof that Indiana law affords plaintiff a viable *state* tort remedy. This court has already found the Indiana Tort Claims Act to be an adequate state remedy within the meaning of *Parratt v. Taylor*. See *Hendrix v. Faulkner*, 525 F.Supp. 435, 453 (N.D.Ind.1981), *aff'd in part, rev'd in part on diff. grounds and rem. sub nom. Wellman v. Faulkner*, 715 F.2d 269 (7th Cir.1983). Thus, the question now before this court is whether the rule enunciated in *Parratt* applies with equal force to situations such as this one of *intentional* deprivations of property interests.

As the court in *Parratt* noted, two hurdles must be cleared to state a claim under § 1983: (1) was there a deprivation of a constitutionally protected interest; and (2) if so, was it done by individuals acting under color of state law? Since it is unquestioned that the defendants here are and were at all times relevant hereto acting under color of state law, we must turn our attention to the first step in analyzing a § 1983 claim, viz., was there a deprivation of a constitutionally protected interest?

This question in turn breaks down into two parts: first, what kind of interest is involved, and second, how was the complainant deprived of it?

1. Plaintiff's lay advocate is Joseph M. Kalady, a fellow inmate at the Indiana State Prison. It is the understanding of this court that Mr. Kalady holds a Master's degree in philosophy from DePaul University, and worked for two Chicago Loop law firms prior to his incarceration. He has appeared before this court on numerous occasions in his capacity as lay advocate, and has consistently demonstrated a thorough understanding of the law of prisoner petitions in federal court.

Interests can be either property or liberty. Deprivations can be either negligent or intentional. Thus, four possible combinations exist, i.e., (1) negligent deprivations of property interests; (2) negligent deprivations of liberty interests; (3) intentional deprivations of property interests; and, (4) intentional deprivations of liberty interests.

The Court in *Parratt* has already declared the first possible combination to be outside the scope of § 1983 where adequate state tort remedies exist. Further, both this court and the Court of Appeals for the Seventh Circuit have held that *Parratt* applies as well to certain types of negligent deprivations of liberty interests, i.e., the second possible combination. See *Ellsworth v. Mockler*, 565 F.Supp. 110 (N.D. Ind.1983) (police involved in auto collision); *Jackson v. City of Joliet*, 715 F.2d 1200 (7th Cir.1983) (police and fire officials rescuing victims of accidents).

On the other hand, the Seventh Circuit has made it emphatically clear that intentional deprivations of liberty interests, the fourth possible combination above, are *not* subject to *Parratt* analysis.[2] *Jackson v. City of Joliet, supra.* Thus, this court is confronted with the third possible combination: intentional deprivations of property interests.

Several courts have squarely held intentional deprivations of property interests to be susceptible to *Parratt* analysis. *Palmer v. Hudson*, 697 F.2d 1220 (4th Cir.), *cert. granted,* —— U.S. ——, 103 S.Ct. 3535, 77 L.Ed.2d 1386 (1983); *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1352 (9th Cir.1981), *aff'd on other grounds sub nom. Kush v. Rutledge,* —— U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). See also, *Gilday v. Boone*, 657 F.2d 1, 2 n. 1 (1st Cir. 1981). As the court in *Palmer* said:

*Parratt's* scope cannot easily be limited to negligent deprivations of property.

For, if the underlying principle is, as Justice Rehnquist stated in a plurality opinion, that when no practical way to provide a predeprivation hearing exists, a postdeprivation hearing exists, a postdeprivation hearing will satisfy the dictates of procedural due process, then it as well applies to an intentional deprivation for which meaningful prior review was impractical.

697 F.2d at 1222 (citations and footnote omitted). However, it is debatable just where the Seventh Circuit stands on the question.

In *Madyun v. Thompson*, 657 F.2d 868 (7th Cir.1981), the Court of Appeals seemed to hold at page 873 that the plaintiff's allegation of an intentional deprivation of his property, without more, stated a claim under § 1983. Nevertheless, in that case the Court did not hold that a claim is always stated when the conduct complained of is intentional; rather, the court remanded the matter on the basis of an inadequate record.

In two subsequent cases, the Seventh Circuit has held that no claim existed under § 1983 where acts, clearly intentional, allegedly deprived the complainants of protected interests without due process of law, because adequate state postdeprivation remedies existed. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir.1983); *Ellis v. Hamilton*, 669 F.2d 510, 514–15 (7th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 488, 74 L.Ed.2d 631 (1983). Thus, while perhaps open to differing interpretations, these two cases seem to be in line with the growing weight of authority which holds that allegedly *intentional* deprivations of *property* interests do not state claims cognizable under § 1983, where adequate state postdeprivation remedies exist to protect the procedural due process rights of the complainants.[3]

---

**2.** *But see Ellis v. Hamilton,* 669 F.2d 510 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 488, 74 L.Ed.2d 631 (1983) (alleged intentional deprivation of liberty interest without due process of law did not give rise to a claim under § 1983 where state law afforded complainants adequate postdeprivation remedies).

**3.** At least one court would go farther. In a careful and well reasoned opinion, Judge Joiner of the United States District Court for the Eastern District of Michigan has held that there are no intellectually defensible grounds for distinguishing between and among negligent and in-

The purpose of the 1871 Civil Rights Act, of which 42 U.S.C. § 1983 is but a part (albeit perhaps the most litigated part), was to provide a vehicle to protect the freedmen's newly won rights set out in the 13th, 14th and 15th Amendments. This was done in the belief that the states would be either unable or unwilling to provide any effective legal redress for violations of the freedmen's liberty and property interests.

This civil rights legislation lay pretty much dormant for nearly a century. Then, the growth of the 1960's civil rights movement spurred the use of both the 14th Amendment and 42 U.S.C. § 1983 as juridical means to protect individual rights. Today, the swelling tide of § 1983 actions threatens to engulf the federal courts,[4] and has no doubt forced the federal judiciary to rethink some of the premises underlying the arguments in support of turning § 1983 into a uniform "font" of federal tort law. Thus, the interpretation of Justice Rehnquist's plurality opinion in *Parratt* by the First, Second, Fourth, Ninth, and perhaps Seventh Circuit is in line with one of the hoariest maxims of the common law: "Ratio est legis anima; mutata legis ratione mutatur et lex" (Reason is the soul of the law; the reason for the law being changed, the law is also changed). In other words, where state law makes available a meaningful postdeprivation remedy, there can be no reason to have a parallel tort law developing in the already overburdened federal courts. Since it is essentially state law that defines "property" in the first place, protection of property interests should largely remain with the state courts where there is a clear showing that said interests will be protected under state law.

As already noted, this court has found the Indiana Tort Claims Act to provide a meaningful and available postdeprivation

remedy for the protection of procedural due process rights. *Hendrix v. Faulkner, supra.*

Accordingly, and based on the above, defendants' motion to dismiss is hereby GRANTED. SO ORDERED.

---

tentional deprivations of liberty and property interests under *Parratt,* so long as one remembers to make the necessary distinctions between procedural and substantive due process rights. *Barnier v. Szentmiklosi,* 565 F.Supp. 869 (E.D. Mich.1983). *But see, Howse v. DeBerry Correctional Institute,* 537 F.Supp. 1177 (M.D.Tenn. 1982).

**4.** In the year ending June 30, 1983, 266,440 cases were filed in the United States District Courts, 241,842 of which were civil. Of these, 19,735 were civil rights actions, while an additional 30,775 were prisoner petitions, the overwhelming majority of which are § 1983 actions. *Federal Court Management Statistics* 1983, 129 (Administrative Office of United States Courts: Washington, D.C.).