No. 83–853. JACKSON, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF JACKSON, ET AL. *v.* CITY OF JOLIET ET AL. C. A. 7th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE REHNQUIST joins, dissenting.

Petitioners, representatives of the estates of individuals killed in a one-car accident in Joliet, Ill., filed complaints in Federal Dis-

---

trict Court under 42 U. S. C. § 1983 (1976 ed., Supp. V), contending that various county and city officials violated decedents' constitutional rights by failing to save decedents from the burning automobile. In their complaint, petitioners alleged that two minutes after the car swerved off the road and burst into flames, one of the respondents, a police officer, arrived on the scene and began directing traffic around the car. Firemen were summoned, and the fire was extinguished; yet no efforts were made to remove decedents from the car, nor was an ambulance called until some 45 minutes after the accident occurred. The complaint alleged that decedents were still alive when the fire was doused and that had adequate rescue measures been taken at the outset, decedents would have survived.

The District Court denied respondents' motion to dismiss the complaints for failure to state a cause of action. The Court of Appeals for the Seventh Circuit, however, reversed, concluding that an attempt by state officers to assist at an accident does not result in the deprivation of a constitutional right when the attempt fails because of the negligence or gross negligence of the officers. 715 F. 2d 1200 (1983).

In reaching its conclusion, the Court of Appeals noted that "[n]o problem so perplexes the federal courts today as determining the outer bounds of section 1 of the Civil Rights Act of 1871, 42 U. S. C. § 1983 . . . ." *Id.*, at 1201. Section 1983 actions have been brought in a variety of contexts by those injured as a result of a state official's failure to exercise adequate care in carrying out his duties. *Clark* v. *Taylor*, 710 F. 2d 4 (CA1 1983); *Morrison* v. *Washington County*, 700 F. 2d 678 (CA11), cert. denied, 464 U. S. 864 (1983); *Hull* v. *Duncanville*, 678 F. 2d 582 (CA5 1982); *Hirst* v. *Gertzen*, 676 F. 2d 1252 (CA9 1982); *Doe* v. *New York City Dept. of Social Services*, 649 F. 2d 134 (CA2 1981), after remand to District Court, 709 F. 2d 782 (CA2 1982), cert. denied *sub nom. Catholic Home Bureau* v. *Doe*, 464 U. S. 864 (1983). The results in these cases have not been entirely consistent. While the Court of Appeals in the present case determined that the State's failure to provide adequate rescue services was not actionable under § 1983, other courts have permitted relief under that section when a foster parent's abuse of his foster child was permitted by the state agency's failure adequately to monitor the foster care environment, *Doe* v. *New York City Dept. of Social Services, supra,* and when a patient's death was allegedly caused by the manner in which he was discharged by a state hospital, *Morrison,*

*supra*. The inconsistent results below are attributable, at least in part, to the lack of definitive guidelines for determining when tortious conduct by state officials rises to the level of a constitutional tort. This Court should attempt to resolve this "perplexing" issue, and this case provides us with an opportunity to do so. Accordingly, I would grant the petition for certiorari and set the case for oral argument.