Gene WOODHOUS, Appellant,

v.

COMMONWEALTH OF VIRGINIA et al.,
Appellees.

No. 72-1576.

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1973.

Decided July 27, 1973.

Robert Plotkin, Washington, D. C. (court-appointed counsel), for appellant.

William A. Carter, III, Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen. of Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

In Woodhous v. Virginia, Mem.Dec. No. 15,075 (4th Cir., July 7, 1971), we vacated an order dismissing Woodhous' complaint and remanded the case for an evidentiary hearing to determine whether Woodhous, a prisoner, was being subjected to cruel and unusual punishment because the state was not adequately protecting him from violence and sexual assaults by other prisoners. The district court appointed counsel for Woodhous, and, after hearing testimony from Woodhous and two prison officials, found no violation of his constitutional rights. We reverse because we believe the district court unduly restricted the protection afforded a prisoner by the eighth amendment.

Briefly, the district court found that Woodhous had not been attacked and

that he did not fear attack. The court concluded, therefore, that Woodhous had not proved his cause of action. Because the case was not a class action, the court ruled that Woodhous could not complain on behalf of young inmates who had been sexually assaulted. Finally, observing that guards were shorthanded through lack of funds, the court concluded that the prison officials were doing what they could with the money at their disposal. Consequently, it dismissed the complaint.

While occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, Penn v. Oliver, 351 F.Supp. 1292 (E.D.Va.1972), confinement in a prison where violence and terror reign is actionable. A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief. Holt v. Sarver, 442 F.2d 304, 308 (8th Cir. 1971). In addition to being a potential victim, Woodhous was subjected to the danger of reprisal when he went to the aid of a younger prisoner who was being sexually assaulted.

Woodhous also complains that he was denied the right to summon six other prisoners who could have enlarged on his description of prison discipline. The lawyer who was then representing him declined to summon these witnesses because Woodhous was not involved in the attacks they had seen.[1] Over Woodhous' objection, the court acquiesced in the lawyer's decision. The exclusion of this evidence was error. Other prisoners' description of attacks is relevant to determine whether the peril about which Woodhous complains is constant and imminent.

Although we are remanding the case, we note that it may not be necessary to conduct another hearing. At oral argument, we were told that similar complaints from other prisoners are now being considered in a consolidated action, Stotler v. Brown, No. 292–70–R, which is pending in the district court. Relief, if appropriate in that case, may inure to the benefit of Woodhous and eliminate the need for further proceedings in his case. On the other hand, if the outcome of that case does not afford him relief, he should be granted a new trial and allowed to present the testimony of several witnesses about the danger of attack from other prisoners. In determining whether to grant relief, the court should ascertain: (1) whether there is a pervasive risk of harm to inmates from other prisoners, and, if so, (2) whether the officials are exercising reasonable care to prevent prisoners from intentionally harming others or from creating an unreasonable risk of harm. *See* Restatement (Second) of Torts § 320 (1965).

The judgment of the district court is vacated and this case is remanded for further proceedings consistent with this opinion.

---

1. Woodhous was represented by different counsel on appeal.