Michael Wayne JORDAN

v.

Stephen GRZEGOREK et al.

Civ. A. No. 79–0204–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 6, 1979.

Robert D. Perrow, Richmond, Va., for plaintiff.

Robert Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This case again comes before the Court on the defendants' motion for reconsideration. In a memorandum and order filed 29 August 1979, the Court referred the complaint to the United States Magistrate for an evidentiary hearing. This action was based on the finding that there was no ground on which to grant the defendants' motion to dismiss. Counsel has now been appointed for the plaintiff, and the plaintiff has been transferred to the Federal Correctional Institution in Petersburg to facilitate the development and presentation of plaintiff's claims.

The defendants have responded to the 29 August memorandum and order with a motion for reconsideration and renewed motion to dismiss. By order of 12 October, the plaintiff was granted an opportunity to respond to the motion for reconsideration. The evidentiary hearing has been stayed, pending a ruling on the motion.

The defendants first seek dismissal of this action because of inadequate service of process. This defense was not raised in the original motion to dismiss, however. Federal Rule of Civil Procedure 12(h)(1) states that

A defense of . . . insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Here, the defendants filed a motion to dismiss on 30 April 1979. As set forth in the motion, dismissal was sought, "insofar as

the complaint seeks monetary damages against the named defendants in their personal capacities, . . . because of a failure to state a claim upon which relief can be granted and due to lack of jurisdiction over the subject matter of the complaint." The defendants thus presented defenses under Rule 12(b)(1) and 12(b)(6), but did not object to service of process under Rule 12(b)(5). While counsel for the defendants now argue that the Rule 12(b)(5) defense was not available because the complaint did not apprise the defendants that they were being sued personally, this contention cannot be taken seriously since the presentation of defenses in the original motion to dismiss was prefaced with the phrase, "insofar as the complaint seeks monetary damages against the defendants in their personal capacities . . . ." The waiver provisions of Rule 12(h)(1) will be enforced. The defendants will not be permitted to object to the adequacy of service of process at this late date.

■ In the 29 August memorandum and order, the plaintiff was found to have stated a cause of action against the named defendants for violation of the Youth Corrections Act. The plaintiff alleges that he was sentenced under the Youth Corrections Act but was confined with adult offenders in Petersburg. As pointed out by the defendants, the plaintiff has not alleged that his attackers were adult offenders, so that the connection between the violation of the Youth Corrections Act provisions and the resulting injury has not been adequately drawn in this respect. Assuming that the attackers were adult offenders, the defendants still maintain that the Youth Corrections Act does not confer a right of action for injuries of the nature suffered by the plaintiff. The Court agrees, and the 29 August memorandum and order will be vacated.

■ A cause of action may be implied from a statute such as the Youth Corrections Act only under very limited circumstances. The plaintiff must show, first, that he is within the class of persons for whose special benefit the statute was enacted. Second, there must be some indication of legislative intent to create the remedy asserted by the plaintiff. Third, such a remedy must be consistent with the underlying purposes of the legislative scheme. And finally, it must be considered whether the cause of action is one traditionally relegated to State law, so that creation of a federal right of action would be inappropriate. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

■ A cause of action, rooted in the Youth Corrections Act, cannot be implied as a means to redress the plaintiff's injuries. The Youth Corrections Act was adopted to promote rehabilitative goals. As the Supreme Court recognized in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), "[t]he [Youth Corrections] Act was . . . designed to provide a better method for treating young offenders . . . , to rehabilitate them and restore normal behavior patterns." *Id.* at 433, 94 S.Ct. at 3048. The focus of the Act is upon sentencing alternatives, and the option is left open for the trial judge to sentence youth offenders who will not benefit by Youth Corrections Act treatment under other applicable penalty provisions. 18 U.S.C. § 5010(d) (1970). This provision has the effect of permitting offenders under the age of twenty-two years to be confined with adult offenders. It cannot be said, therefore, that the purpose of the Act was to separate all young offenders from adult offenders to prevent incidents of assault.

The plaintiff relies on the Third Circuit's holding in *United States ex rel. Dancy v. Arnold*, 572 F.2d 107 (3d Cir. 1978), to support his contention that a cause of action may be inferred from the Youth Corrections Act. In *Dancy*, the Court stated, as the plaintiff points out, that

the [Youth Corrections] Act was designed to spare youth offenders the corruptive influence of prison life and association with adult criminals . . .

*Id.* at 112. However, the decision also refers repeatedly to the "rehabilitative goals" of the Act. *Id.* The plaintiff seeks to incorporate the incidents of physical assault

as a "corruptive influence of prison life." It is undeniable that assaults are a fact of prison life, and the likelihood of assault is quite conceivably increased when youthful offenders are placed in confinement with older, more hardened offenders. But in order to imply a cause of action from the Youth Corrections Act it must appear that a specific purpose of the Act was to prevent attacks upon those inmates confined under its provisions. This purpose has not been proven by the plaintiff. In *Dorzynski v. United States, supra*, the Supreme Court referred exclusively to rehabilitative purposes. 418 U.S. at 436–437, 94 S.Ct. 3042. The plaintiff thus might have a right of action if his treatment program was not in accordance with the Act. But there is no basis for inferring a cause of action when a young offender is attacked by an adult offender. To the extent that the 29 August memorandum and order suggested that the defendants could be liable to plaintiff based upon a violation of the Youth Corrections Act, it was incorrect.

This is not to say that the plaintiff is without a possible remedy for his injuries. In the 29 August memorandum and order, the Court noted that inmates have a right to be reasonably protected from the constant threat of violence and assault. *Woodhous v. Commonwealth of Virginia*, 487 F.2d 889, 890 (4th Cir. 1973). The plaintiff was found to have stated a cause of action under *Woodhous* because he alleged that he was confined under constant pressure from his fellow inmates, that he told a prison official of this fact in an effort to obtain a transfer, and that no action was taken to protect him. These allegations state a cognizable claim of confinement under threat of violence.

As the Court also set forth in the earlier memorandum and order, however, the plaintiff must show the personal involvement of the named defendants in conduct which deprived him of his constitutional rights. The plaintiff has not alleged that the named defendants were, or reasonably should have been, aware of his predicament but failed to take the action necessary to protect him. He has only alleged that he told his caseworker that he was receiving constant pressure and his request for transfer was still denied. The caseworker is not identified and has not been made a defendant in this action. Nor has the plaintiff indicated whether he informed other officials that he was in danger.

Counsel for the plaintiff was appointed only after this case was referred to the Magistrate. In accordance with *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), counsel for the plaintiff will be granted 30 days within which to file an amended complaint in order to name additional defendants. The counsel should also state the role those defendants already named played in depriving the plaintiff of his rights under *Woodhous v. Commonwealth of Virginia, supra*. Failure to demonstrate the responsibility of the named defendants will result in the dismissal of those parties from this action.

An appropriate order shall issue.