**Robert E. ESTES, Plaintiff,**

v.

**The CITY OF NEWPORT NEWS, VIRGINIA, et al., Defendants.**

**Civ. A. No. 82–129–NN.**

United States District Court, E.D. Virginia, Norfolk Division.

March 11, 1983.

Randall G. Johnson, Hill, Tucker & Marsh, Richmond, Va., for plaintiff.

Robert V. Beale, City Atty., Kris J. Sundberg, Asst. City Atty., Newport News, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

DOUMAR, District Judge.

■ The above-styled matter is before the Court on the motion of the defendant City of Newport News, Virginia and of the defendants T.S. Walls, James L. Dixon, David N. Parker and H.R. McKeel, being sued in their official capacities, for the entry of judgment in their favor based on the failure of the plaintiff to state a claim against the defendants in their official capacities upon which relief can be granted. The individual defendants further move this Court for the entry of summary judgment in their favor. Because material facts appear to be in dispute, the motion for summary judgment is DENIED. As more fully set forth below, the motion for judgment on the pleadings in favor of the City of Newport News and the individual defendants in their official capacity is GRANTED, and the clerk is directed to enter judgment in their favor and to dismiss them, in their official capacity, from the remainder of this action while retaining them as individual defendants.

The plaintiff brings this action pursuant to the provisions of 42 U.S.C. § 1983 alleging that the defendants, in their respective official and individual capacities, under color of state law, deprived him of his property interest in continued employment as a city fire fighter without constitutionally mandated due process of law. The City of Newport News and the individual defendants in their official capacities move for judgment on the pleadings on the grounds that the allegations contained in the plaintiff's complaint are insufficient to overcome their immunity from liability for actions brought pursuant to § 1983.

■ In making out a claim of official liability pursuant to § 1983 a plaintiff may not simply rely on allegations that he suffered some constitutional deprivation of a valuable property interest. Such allegations may be sufficient to state a claim against a defendant in that defendant's individual capacity. A claim against a municipality or its employees in an official capacity, however, must allege facts sufficient to bring the claim within one of the narrow exceptions carved out of traditional notions of governmental immunity.

The Supreme Court in 1978 created the first niche in the barrier previously interposed between a plaintiff and a local government when it held that a city could be considered a "person" within the meaning of § 1983. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Before the City could be found liable for money damages, however, the Court held that the alleged constitutional deprivation must have resulted from the implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City's lawmakers or by those whose edicts or acts may fairly be said to represent official policy. In addition, the Court stated that a local government could be liable for a constitutional deprivation caused by a governmental "custom", "even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 691, 98 S.Ct. at 2036.

Until *Monell* was decided, a local government was presumed to be immune from liability. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In the process of overruling *Monroe v. Pape,* the Court in *Monell* carved out specific exemptions, clear and distinct. A thorough reading of the opinion of the Court written by Justice Brennan, and of the concurrence

written by Justice Powell, clearly establishes that the Court desired to define with particularity narrow exceptions to municipal immunity, and not to give courts a tool for carving out further exceptions. Justice Stevens alluded to this by declining to join in those parts of the Court's opinion he considered to be advisory in nature. *Id.* 436 U.S. at 714, 98 S.Ct. at 2047.

In the case at bar, despite the Court's specific invitation so to do, the plaintiff specifically declined to allege any custom or any policy of the City of Newport News, or of the individual defendants in their official capacity, the implementation or execution of which deprived the plaintiff of his property interest in employment. Rather, the plaintiff desires to stand on the pleadings and argues that it was the unreasonable failure of the City to adopt rules or regulations to prevent an employee of the City from unconstitutionally abridging the plaintiff's rights that exposes the City to liability.

In support of its position, the plaintiff relies principally on the case of *Avery v. County of Burke,* 660 F.2d 111 (4th Cir. 1981). The plaintiff maintains that in *Avery,* the Fourth Circuit expanded the niche carved out of local government immunity by *Monell.* The court in *Avery* noted that it previously had held that official policy may be established by the *omissions* of supervisory officials as well as from their affirmative acts. *Id.* at 114, *citing Withers v. Levine,* 615 F.2d 158 (4th Cir.1980) (emphasis added). The court then articulated a test for determining whether given omissions or inactions may be actionable. "Thus, the conduct of the boards may be actionable if their failure to promulgate policies and regulations rose to the level of *deliberate indifference* to Avery's [constitutionally protected] right of procreation or constituted *tacit authorization* of her sterilization." *Id.* (citations omitted) (emphasis added). Although the *Avery* standard of "deliberate indifference/tacit authorization" appears to be different than the "unreasonable failure" standard advanced by the plaintiff and which was adopted in *Withers v. Levine, supra,* it is of no conse-

quence to this threshold analysis of whether the official defendants may be susceptible to exposure to liability for their action or inaction in this instance.

Although *Avery* seemingly enlarged the niche carved out of local governmental immunity, the court took care to restrict the application of the decision by noting that "[a] single incident or isolated incidents are normally insufficient to establish supervisory inaction upon which § 1983 liability may be based." *Avery v. County of Burke, supra,* at 114, *citing Woodhous v. Virginia,* 487 F.2d 889 (4th Cir.1973). The plaintiff must show that an identifiable group of people, of whom the plaintiff is a part, is subject to constitutional deprivations through the inaction of the local government. *Avery v. County of Burke, supra,* at 114, *citing Withers v. Levine, supra,* 615 F.2d 158, 161. In each of the cited instances involving the elimination of governmental immunity, a policy actually existed or was inferred that applied to an identifiable group of individuals, such as to pregnant women, those potentially suffering from sickle cell anemia, prisoners, or the aged.

In the instant case, there is no allegation that an identifiable group of people, of whom the plaintiff is a part, is subject to constitutional deprivations through the inaction of the official defendants. Similarly, the plaintiff specifically (and very candidly) declined to allege that the City had a "policy" of not adopting a policy to cover a situation such as is complained of by the plaintiff. The citizens and taxpayers of the City of Newport News should not be required to bear the burden of isolated constitutional torts allegedly committed by the City's employees when there has been no showing or no allegation that the citizens, taxpayers, or their government tacitly authorized, or were deliberately indifferent to, the alleged unconstitutional act. This Court simply is not willing, on the basis of what is alleged to be no more than a single or isolated incident, to be a party to the further erosion of the concept of govern-

mental immunity. Such a holding would make the exception to governmental immunity the rule, would further enlarge the exception carved out in *Monell* as interpreted by *Avery* and by *Withers,* and would be an indirect method of reinstituting the doctrine of *respondeat superior* specifically rejected in *Monell.*

Since there is neither an allegation of policy, nor any allegation of inactions affecting an identifiable group, the plaintiff's claim against the official defendants does not fit within the niche carved out of the concept of governmental immunity by the Supreme Court in *Monell,* nor does it fit within the Fourth Circuit's interpretations thereof. In view of the plaintiff's expressed declination to amend, the motion of the City of Newport News, Virginia, and the named defendants in their official capacities for judgment on the pleadings therefore is GRANTED, and the clerk is directed to enter judgment accordingly, while retaining the individual defendants as parties in their individual capacities only.

IT IS SO ORDERED.