**Christopher WARNER, Plaintiff,**

v.

**COUNTY OF WASHOE, a Political subdivision of the State of Nevada, Vince Swinney, individually and in his official capacity as the Sheriff of Washoe County; Belie Williams, James Lillard, James King, Gene McDowell and Dick Ritter, individually and in their official capacity as Washoe County Commissioners, Defendants.**

**No. CV–R–84–315–ECR.**

United States District Court, D. Nevada.

Oct. 15, 1985.

Lawrence J. Semenza, Reno, Nev., for plaintiff.

Erickson, Thorpe, Swainston & Cobb by William G. Cobb, Reno, Nev., for defendants.

### ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff Christopher Warner filed a complaint on July 30, 1984, claiming damages and declaratory relief under 42 U.S.C. § 1983. Warner alleges that while in the custody of the Washoe County Jail, fellow prisoners brutally assaulted and raped him. Defendants Belie Williams, James Lillard, James King, Gene McDowell and Dick Rit-

ter (Commissioners), all Washoe County Commissioners at the time of the alleged assault, move this Court to dismiss the complaint for failure to state a claim upon which relief can be granted.[1] Commissioners argue that there is no basis for liability against them. A motion to dismiss a complaint requires the Court to determine whether the claim as alleged, without regard to the weight of the evidence, and assuming as true all facts pleaded, states a claim for which relief can be granted. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

There are two essential elements to a 42 U.S.C. § 1983 action: (1) the plaintiff must allege and prove that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

The thrust of Warner's § 1983 claim against the Commissioners is that not only does NRS § 211.020[2] impose a duty to inquire every three months into the treatment and condition of the prisoners, but that the Commissioners had previous knowledge of sexual assaults occurring in the jail. Warner argues that the Commissioners breached their duties and thus, failed to prevent the alleged assault on Warner. The issue before this Court is whether the Commissioners owed a constitutional duty to Warner and, if so, whether the alleged breach of this duty created a foreseeable risk of Warner's assault.

Warner had a "constitutional right to be reasonably protected from ... sexual assault from his fellow inmates ..." *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir.1973) (per curiam). Nevertheless, not every injury in which a state official plays a part is actionable under § 1983. *Martinez v. California*, 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980).

Liability cannot be imposed on the Commissioners on a theory of vicarious liability. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The test to determine liability is whether: (1) control or direction is exercised by a supervisory officer and (2) there is either personal participation in some form (giving orders, setting policy that led to violation, or a failure to supervise) thereby causing foreseeable harm to a constitutional right.[3] There must be an affirmative link between misconduct and superiors. *Rizzo v. Goode*, 423 U.S. 362, 376–377, 96 S.Ct. 598, 606–607, 46 L.Ed.2d 561 (1976). A failure to supervise can occur in a variety of situations. For example, if a superior fails to perform an explicit statutory duty and constitutional injury occurs, there may be liability. *See Howard v. Fortenberry*, 723 F.2d 1206, 1213–1214 (5th Cir.1984). In *Howard*, defendants, regional and parish sanitarians, were charged with a statutory duty to inspect a Prison Farm and failed to inspect and see a "hot box" used to discipline prisoners which resulted in the prisoners' deaths. The court found that the fail-

---

**1.** Former County Commissioner James Underwood, originally named in the complaint and joining in the motion before this Court was dismissed by this Court based upon stipulation of parties on September 18, 1984 (document #8).

**2.** The Complaint, in a typographical error, refers to NRS § 211.010. We assume, as did the Commissioners in their motion that Warner is relying on NRS § 211.020.

**3.** The Commissioners have been charged by NRS § 211.020 with supervisory duties. The statute provides:

"211.020 Duties of county commissioners: Supervision; inspection; precautions. The board of county commissioners:

1. Is responsible for building, inspecting and repairing any county or branch county jail located in its county.

2. Once every 3 months, shall inquire into the security of the jail and the treatment and condition of the prisoners.

3. Shall take all necessary precautions against escape, sickness or infection."

ure to inspect may have had a causal connection to the deaths and liability was possible. *Id.* "A person 'subjects' another to the deprivation of a constitutional right ... if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made ... The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743–744 (9th Cir.1978).

We find that NRS § 211.020 may impose a duty on the Commissioners to the prisoners. The statute charges county commissioners with the duty to inquire into the treatment and condition of the prisoners. The statute is silent on the issue whether the duty runs directly to the prisoners. *Contra Donaghe v. County of Washoe*, No. CV–R–82–337–BRT (D.Nev. April 11, 1983).

Warner also alleges that the Commissioners had knowledge of previous assaults in the Washoe County Jail. The Court finds that the Commissioners, by virtue of both NRS § 211.020 and their alleged knowledge of several prior sexual assaults, may have a custodial relationship with respect to the prisoners of Washoe County Jail. *See Fox v. Custis*, 712 F.2d 84, 88 (4th Cir.1983). There exists at this time a triable issue as to whether the Commissioners lack of inquiry, as mandated by statute, created a foreseeable risk of Warner's alleged assault. *See Howard v. Fortenberry*, 723 F.2d at 1213–1214; *see also Hirst v. Gertzen*, 676 F.2d 1252, 1263 (9th Cir.1982) (when an inmate in the custody of a county institution was found dead, there existed a triable issue as to whether the county's lack of care in hiring and supervising their deputies was negligence creating a foreseeable risk of harm).

The Commissioners are charged with some degree of supervision over the Washoe County Jail. Warner's complaint alleges specific knowledge of the Commissioners as to prior sexual assaults. Thus, based on the complaint, Warner states a claim for which relief may be granted and the Commissioners' motion to dismiss is premature.

IT IS, THEREFORE HEREBY ORDERED that the motion to dismiss is *DENIED*.