798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Sewell SMITH, Appellant,
v.
Robert M. LANDON, Director Department of Corrections
Commonwealth of Virginia; Corrections Commonwealth of
Virginia; Cpl. Jackson; Ofc. Weston; Leut. Bullock,
and all members of the Adjustment Committee that heard the
case of Gerald McNabb on or about 7--27-84; Dr. Gulmatico;
W.A. Crenshaw, Assistant Warden; Tom Coleman, Counselor;
all of Mecklenburg Correction Center; Central
Classification Board; Ms. West, Counselor at Powhatan
Correctional Center, Appellees.
 No. 86-7180.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1986.
Decided Aug., 29, 1986.
 
 Michael Sewell Smith, appellant pro se.
 Mark Ralph Davis, Office of the Attorney General of Virginia; Mary Moffett Hutcheson Priddy, for appellees.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Sewell Smith appeals the dismissal of his 42 U.S.C. Sec. 1983 action. Smith made the following allegations of constitutional injury:
 
 
 2
 (1) that prison officials failed to protect him from an assault by another inmate;
 
 
 3
 (2) that he received medical mistreatment and neglect at the hands of prison employees and a prison physician;
 
 
 4
 (3) that prison officials showed a fellow inmate a grievance filed by Smith, placing Smith in danger;
 
 
 5
 (4) that prison officials placed him at the same facility with prisoners on Smith's "enemy" list, although in protective segregation.
 
 
 6
 (5) that his conviction was based on perjured testimony and thus invalid.
 
 
 7
 After a review of the record, we affirm. Smith's failure to protect claim states negligent conduct only and is not cognizable under 5 1983. Daniels v. Williams, --- U.S. ----, 54 U.S.L.W. 4090 (Jan. 21, 1986.). Likewise, Smith's claims of --medical mistreatment do not rise to the level of "deliberate indifference to serious medical needs," Estelle v. Gamble, 429 U.S. 97, 106 (1977) ,necessary to state a cause of action under Sec. 1983.
 
 
 8
 Smith's complaint fails to allege that prison officials failed to exercise reasonable care in protecting Smith from "a pervasive risk of harm," Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973), or that the officials' actions were "totally without penological justification," Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citations omitted), when they showed a fellow inmate a grievance filed by Smith. Likewise, the simple allega tion that Smith was in protective segregative custody is not enough to state an Eighth Amendment violation. Ross v. Reid, 719 F.2d 689 (4th Cir. 1983). See Taylor v. Rogers, 781 F.2d 1047 (4th Cir. 1986) .
 
 
 9
 Finally, the district court properly dismissed Smith's allegation that his conviction was invalid. Claims attacking the validity of a state conviction must be brought under 28 U.S.C. Sec. 2254, and then only after state remedies have been exhausted.
 
 
 10
 Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 11
 AFFIRMED.