822 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter DAVIS, Plaintiff-Appellant,
v.
E.R. SUTTON, Supt.; Mr. Phelps, Correction Officer,
Defendants-Appellees.
 No. 87-7104.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1987.
Decided June 23, 1987.
 
 Before ERVIN, CHAPMAN and WILKINS, Circuit Judges.
 Walter Davis, appellant pro se.
 PER CURIAM:
 
 
 1
 Walter Davis, an inmate at the Washington County Prison Unit, appeals the district court's decision which dismissed his 42 U.S.C. Sec. 1983 complaint as frivolous. Davis filed his complaint alleging that the defendants violated his constitutional rights by failing to protect him from a possible attack by other inmates.
 
 
 2
 Davis alleges he was placed in danger when he and other inmates were taken to the Currituck Law Library. Davis, who had previously been placed in administration segregation, was placed in leg and hand restraints during the trip. Although his handcuffs were removed once he reached the library, the legcuffs were not removed. Davis asserts that the other inmates on the bus, who were in the general population at the prison, were not placed in restraints; thus, he was placed in a threatening situation unprotected from potential harm. Davis alleges that he told an officer that he felt threatened but that the officer became angry and wrote him up for an infraction for disrespect.
 
 
 3
 A district court may dismiss a claim as frivolous under 28 U.S.C. Sec. 1915(d) upon a finding that " 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Davis's complaint was properly dismissed as frivolous.
 
 
 4
 The Eighth Amendment provides that prison officials must exercise reasonable care to protect inmates from violence or the threat of violence. Woodhous v. Virginia, 487 F.2d 889 (4th Cir.1973). To establish a claim for relief, the prisoner must establish that there is a pervasive risk of harm from other inmates, and officials have failed to exercise reasonable care to protect him from harm. Withers v. Levine, 615 F.2d 158 (4th Cir.), cert. denied, 449 U.S. 849 (1980).
 
 
 5
 Davis admits that he was placed in restraints because he was under administrative segregation. This type of restriction is clearly within the discretion of prison administrators. See Bell v. Wolfish, 441 U.S. 520 (1979). Davis's assertion that he felt threatened because he was the only prisoner placed in restraints is clearly insufficient to state a claim for relief.
 
 
 6
 Accordingly, we affirm the decision of the district court. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.