831 F.2d 290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David BRIGHT, Plaintiff-Appellant,
v.
Leslie DORSEY, (Ex-Warden), Howard Lyles (Present Warden),
Vernor Coit Co II; Sgt. Tscheulin, E. Thomas, J.
Peguese; Sgt. Taylor, H. Thompson,
Arnold Hopkins, Defendant-Appellee.
 No. 86-6641.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 9, 1987.
Decided: Oct. 9, 1987.
 
 David Bright, appellant pro se.
 Mark D. McCurdy, Office of Attorney General, for appellees.
 D.Md.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (C/A No. 85-1555-N).
 Before HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David Bright, an inmate at the Maryland Penitentiary, brought this 42 U.S.C. Sec. 1983 action alleging that (1) defendants Dorsey and Lyles denied him adequate medical treatment and the opportunity to clean his cell and linens; (2) at criminal and administrative proceedings brought against him for his role in the stabbing of a prison guard, defendant Coit offered perjured testimony, and defendant Thompson, who knew or should have known that Coit was lying, allowed the proceedings to continue; (3) defendants Thomas, Tscheulin, Peguese, and Taylor intentionally placed mentally disturbed inmates who created disturbances and set fires in adjacent cells, and the defendants refused to remove them; (4) the same defendants failed to supervise adequately, resulting in missed medical appointments and exercise as well as the denial of sick leave; and (5) he has become mentally distressed and has been denied medical attention as a result of construction in the southwing and the prison's failure to adequately ventilate his cell. Bright sought damages and injunctive relief.
 
 
 2
 We agree with the district court that claims 1, 2, 4 and 5 fail to state a claim for which relief can be granted under Sec. 1983. While we disagree with the district court's conclusion that claim 3 is barred by res judicata, see Wright v. Collins, 766 F.2d 841, 847-49 (4th Cir.1985), we find that this claim fails to state a claim of constitutional dimension, see Withers v. Levine, 615 F.2d 158 (4th Cir.), cert. denied, 449 U.S. 849 (1980); Woodhous v. Virginia, 487 F.2d 889 (4th Cir.1973). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 AFFIRMED.