14 F.3d 595
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wayne Rush MEADOWS, Plaintiff-Appellant,
v.
AUGUSTA CORRECTIONAL CENTER; Augusta Security, Defendants-Appellees.
 No. 93-6797.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 2, 1993.
Decided Dec. 28, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 Wayne Rush Meadows, appellant pro se.
 Pamela Anne Sargent, Asst. Atty. Gen., for appellees.
 Before HALL, PHILLIPS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Wayne Rush Meadows, an incarcerated prisoner, filed a civil action pursuant to 42 U.S.C. Sec. 1983 (1988), naming as Defendants Lonnie M. Saunders, Warden of the Augusta Correctional Center (ACC), the ACC, and Augusta Security. Meadows alleged violation of his civil rights resulting from sexual assault by other inmates. He contended that both prior and subsequent to his transfer to a special housing unit at ACC, he informed six named Correctional Officers Wood, Campbell, McCutcheon, Hailey, Botkin, and Day of prior altercations he had had with inmate Shifflett, one of the alleged attackers. Meadows further alleged that despite his protests to the correctional officers, he was put into the same cell with Shifflett, whereupon he was sexually assaulted by Shifflett and another inmate.
 
 
 2
 Meadows moved to amend his complaint to add some Defendants and dismiss as to others; the district court denied the motion. The district judge granted summary judgment for Defendants ACC and ACC Security on grounds of Eleventh Amendment immunity, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and for failure to allege facts sufficient to support a claim of respondeat superior against Saunders, Slaker v. Porter, 737 F.2d 368, 372 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985). Meadows timely appeals.[1] Although we find that the district court correctly analyzed the liability of the named Defendants, we determine that the district court prematurely ruled on Defendants' motion for summary judgment. Therefore, we vacate and remand.
 
 
 3
 Summary judgment is appropriate when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990) (citing Anderson, 477 U.S. at 255). This Court reviews de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 4
 Prisoners have an Eighth Amendment right to reasonable protection from violence by fellow inmates. Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir.1973). To state a claim, the prisoner must show that Defendants acted with deliberate indifference to either a specific known risk of harm, or a pervasive risk of harm. See Moore v. Winebrenner, 927 F.2d 1312, 1315-16 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S.1991); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). We find that the district court correctly determined that Meadow's claims against Defendants ACC and "ACC Security" are barred by the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). Furthermore, we find that the district court was correct in determining that since Meadow had alleged no facts to suggest that Warden Saunders had any knowledge of the alleged constitutional violations, Meadow's claim against him was based on the doctrine of respondeat superior, which is inapplicable to Sec. 1983 actions. Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 694 (1978); Vinnedge v. Givvs, 550 F.2d 926 (4th Cir.1977).
 
 
 5
 However, we determine that the district court's consideration of Defendants' motion for summary judgment was premature. Plaintiff had listed in his complaint the names of the six officers whom he allegedly told of his prior altercations with inmate Shifflet. Therefore, the district court before considering Defendants' motion for summary judgment should have informed Meadows that he had not named those officers as Defendants in this case, and should have advised him on how to amend his complaint.[2]
 
 
 6
 Pro se complaints are held to less stringent standards than those drafted by attorneys. Where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the district court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978).
 
 
 7
 Here, Meadows may have a meritorious claim against one or more of the correctional officers to whom he reported his prior problems with inmate Shifflett. See Pressly v. Hutto, 816 F.2d at 979. Their decision to place Meadows in the same cell with Shifflett, after being advised of prior altercations between the two men, may rise to the level of deliberate indifference required to establish a Sec. 1983 claim. In the spirit of Gordon v. Leeke, the district court should have advised and permitted Meadows to amend his complaint to name as Defendants the six correctional officers whom Meadows alleges were aware of the risk Meadows was placed in when put into the same cell as Shifflett, before the district court considered Defendants' motion for summary judgment.
 
 
 8
 Accordingly, we vacate the order granting summary judgment for Defendants and dismissing Meadows's complaint, and remand the case to the district court with directions to allow Meadows to amend his complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 The notice of appeal was timely filed under Houston v. Lack, 487 U.S. 266 (1988)
 
 
 [2]
 Prior to the district court's summary judgment determination, plaintiff moved to amend his complaint to add six defendants, and to drop defendants David Hailey and Thomas Botkin. We find that the district court correctly denied plaintiff's motion to amend to add the six defendants. However, we note that Hailey and Botkin were two of the officers that plaintiff claims he informed of his concerns about being placed with inmate Shifflet. It is obvious from plaintiff's motion to drop Hailey and Botkin as defendants that he believed he had properly named them, which seems to further indicate that plaintiff was confused as to whom he had named as the defendants in this case